2000 ME 115

**STATE of Maine**

v.

**Daniel WEBSTER III.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 25, 2000.

Decided June 21, 2000.

David W. Crook, District Attorney, Brad Grant, Asst. Dist. Atty., Augusta, for State.

Karen M. Burke, Winthrop, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Daniel Webster III appeals the judgment of the Superior Court (Kennebec County, *Marden, J.*) affirming his conviction by the District Court (Augusta, *Anderson, J.*) on the charge of operating under the influence, 29–A M.R.S.A. § 2411 (1996 & Supp.1999), entered on a conditional guilty plea, M.R.Crim. P. 11(a)(2). On appeal Webster challenges the denial of his motion to suppress by the District Court (Augusta, *Beaudoin, J.*). He asserts that there was insufficient evidence of probable cause to justify his arrest and transport to the Augusta Police Station for purposes of administration of a blood alcohol test, and he asserts that his statements could not be used against him because he was not given *Miranda*[1] warnings. Because the evidence and findings of the District Court based on the evidence are sufficient to support the court's determinations of the probable cause and *Miranda* issues, we affirm.

## I. FACTS

[¶ 2] Shortly after 1 A.M. on the morning of September 7, 1996, an Augusta police officer observed Webster execute an improper u-turn by driving in an improper direction around a large traffic island. The officer testified and the District Court found that after stopping Webster, the officer smelled a strong odor of alcohol coming from Webster. When asked if he had had anything to drink, Webster responded that he had consumed one drink four hours earlier, at approximately 9 P.M.

[¶ 3] At the hearing on the motion to suppress, the officer testified that after asking Webster to exit his vehicle, the officer observed some unsteadiness. The officer also testified that he had Webster perform three field sobriety tests and that the officer believed that Webster had passed two of these tests but did not pass one of the tests. Based on this encounter, the officer arrested Webster and took him to the Augusta Police Station where an alcohol breath test was performed. The test indicated a blood alcohol content of 0.10. Webster's motion sought to suppress the results of the test.

[¶ 4] After hearing the evidence, the court determined that the officer's testimony regarding Webster's unsteadiness and failure of field sobriety tests was "inaccurate" and stated that, in its view, Webster had passed each of the field sobriety tests and demonstrated no unsteadiness. The record is unclear as to whether the court also determined that the officer reasonably believed that Webster had not passed a field sobriety test, even if the officer's belief was inaccurate.

[¶ 5] The District Court then denied the motion to suppress, stating that in its view sufficient probable cause to arrest had been established by the combination of Webster's improper driving, the strong odor of alcohol on his breath, and his statement that he had only had one drink four hours earlier, which could have been disbelieved as made to cover-up a more recent and greater consumption of alcohol.

[¶ 6] Following denial of the motion to suppress, Webster entered a conditional plea and appealed his conviction first to the Superior Court and then to this Court.

## II. DISCUSSION

[¶ 7] The probable cause standard for requiring a person to take a blood

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

alcohol test has a very low threshold. A person is guilty of operating under the influence if his or her senses are "impaired however slightly" or "to any extent" by the alcohol that person has had to drink. *See State v. Worster,* 611 A.2d 979, 981 (Me. 1992). For there to be probable cause to arrest someone for operating under the influence, therefore, an officer must have probable cause to believe that the person's senses are affected to the slightest degree, or to any extent, by the alcohol that person has had to drink. A reasonable suspicion to support probable cause can exist independent of any evidence of actual impaired driving. *See State v. Eastman,* 1997 ME 39, ¶ 9, 691 A.2d 179, 182; *State v. Wood,* 662 A.2d 919, 920–921 (Me.1995).

[¶ 8] In this case, the officer had observed a driving maneuver that suggested impaired judgment. The officer smelled a strong odor of alcohol on Webster's breath, and the officer had heard Webster make a facially incredible statement that the officer could have believed was intended to cover-up recent, more substantial consumption of alcoholic beverages. With those observations made, the officer may have been regarded as careless had he allowed Webster to go on his way without further inquiry to determine the state of his sobriety and the risk he may have posed to himself and others on the highway.

[¶ 9] Considering the probable cause threshold for administering a blood alcohol test, this combination of evidence was more than sufficient to establish probable cause. With this evidence, probable cause could be found without regard to Webster's performance on the field sobriety tests. While performance on field sobriety tests is relevant to determinations of both probable cause and ultimate guilt or innocence, such performance on the field sobriety tests does not control either issue. There is sufficient evidence to support the court's probable cause finding external to the field sobriety tests. Accord-ingly, the court committed no error in denying Webster's motion to suppress.

[¶ 10] Further, the court appropriately allowed consideration of statements made by Webster both before and after he was given *Miranda* warnings. *See State v. Swett,* 1998 ME 76, ¶ 4, 709 A.2d 729, 730.

The entry is:

Judgment affirmed.