STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                    Docket No. CR-03-122
                                                  JLH - PEN - 3/24/2003

FILED & ENTERED
SUPERIOR COURT
MAR 24 2003
PENOBSCOT COUNTY

State of Maine

                                                  Order (Defendant's Motion
    v.                                            to Suppress)

DONALD L. GARBRECHT
LAW LIBRARY

MAR 25 2003

Herman Rodriguez


    Hearing on the defendant's motion to suppress was held on March 21, 2003. The defendant was present with counsel.

    On January 1, 2003, at approximately 8:40 in the morning, Penobscot County Deputy Sheriff Birch, while on routine patrol, observed a vehicle traveling on Union Street in Bangor at a high rate of speed. He obtained a radar reading of 64 miles per hour in a 35 mile per hour zone. The roads were covered with ice and slush. Birch activated the blue lights on his marked cruiser in an attempt to stop the speeding vehicle. However, the vehicle did not even slow down, and the two became engaged in a chase. Over the course of the chase, Birch was unable to gain any ground on the vehicle. The vehicle turned onto the Davis Road, still with Birch in pursuit. Birch lost sight of the vehicle for a brief time but then same across it when it was off the side of the road. Two occupants were already out of the vehicle, and a third person (the defendant) – whom Birch identified as the operator – was attempting to exit the vehicle. Eventually, Birch asked the defendant for his license. The defendant asked why and said that he had not been the driver. Birch then instructed the defendant to get into the police cruiser. Birch there noticed a strong odor of alcohol emanating from the proximity of the defendant. There was no source of alcohol other than the defendant himself. After communicating with a dispatcher, Birch learned that the defendant's driver's license was under suspension. He then arrested the defendant. Two other officers arrived at the scene. One of them transported the defendant to the county jail. At Birch's direction, the

transporting officer attempted to have the defendant submit to a blood-alcohol test. The defendant refused.

In the motion at bar, the defendant seeks to suppress evidence of the refusal on the ground that the investigating officers did not have probable cause to believe that the defendant was under the influence of intoxicants. The defendant does not challenge the existence of probable cause to believe that the defendant was the operator of the vehicle.[1]

"Probable cause. . .exists when facts and circumstances of which the arresting officer has reasonably trustworthy information would warrant an ordinarily prudent and cautious officer to believe that the subject did commit or was committing a crime." *State v. Boylan*, 665 A.2d 1016, 1019 (Me. 1995). Here, the defendant would have been required to submit to a blood-alcohol test if the investigating officers had probable cause to believe that he had been operating a motor vehicle while under the influence of intoxicants. *See* 29-A M.R.S.A. § 2521.

The court finds the Law Court's analysis in *State v. Webster*, 2000 ME 115, 754 A.2d 976, to be dispositive. There, the defendant drove around a large traffic island in the wrong direction, thereby committing an illegal u-turn. *Id.*, ¶ 2, 754 A.2d at 977. When the investigating officer stopped the vehicle, the officer smelled the "strong smell of alcohol" on the defendant's breath. *Id.* The defendant told the officer that he had one drink four hours earlier. *Id.* The Law Court found that this factual basis amounted to probable cause to believe that the defendant was under the influence of intoxicants.[2]

Here, Deputy Birch had the same array of information regarding the defendant as did the investigating officer in *Webster*. The defendant at bar operated a vehicle in a manner indicative of impaired judgment: he drove at high speeds under dangerous conditions with two other people in the car. The defendant emitted a strong odor of intoxicating liquor. And the defendant denied that he was the operator, even though the officer had observed that the defendant in fact was the operator. This latter factor is

---

[1] In his written motion, the defendant also raises a *Miranda* issue. The defendant has waived that argument.

[2] At the motion hearing in *Webster*, the state presented other evidence suggestive of impairment. However, the trial court rejected that evidence, and therefore neither the trial court nor the Law Court considered that evidence as a basis for a finding of probable cause.

2

qualitatively comparable to the Webster's false exculpatory statement that he had not consumed alcohol for many hours prior to the time of operation. Just as the officer in *Webster* could have believed that that statement was an attempt to "cover-up" apparently criminal conduct, 2000 ME 115, ¶ 8, 754 A.2d at 978, Birch could have viewed the defendant's denial here as inculpatory.

The Law Court has held that this configuration of circumstances amounts to probable cause to believe that the operator's "senses are 'impaired however slightly' or 'to any extent' by the alcohol that person has had to drink." *Webster*, 2000 ME 115, ¶ 7, 754 A.2d at 978. From this authority, the court reaches the same conclusion here.


The entry shall be:

For the foregoing reasons, the defendant's motion to suppress is denied.[3]


Dated: March 22, 2003

Justice, Maine Superior Court

---

[3] Prior to the suppression hearing, the court was advised that counsel for the defendant had just received copies of reports prepared by two other police officers who were involved in the investigation. The DA's office, in turn, had also just received those reports and then promptly produced them to the defendant. The state was unable to provide any explanation why those reports, which had been prepared in January, had not been submitted to the prosecutor. This problem did not affect the suppression hearing, because the state apparently did not attempt to present any evidence that went beyond the report that had been provided to the defendant in a timely way. At the hearing, the court did not rule on the defendant's request to exclude evidence relating to those two reports at trial. The court deferred that issue to the time of trial, because a ruling on that issue would necessarily depend on the nature of the evidence that the state will attempt to present at that time and the context that will exist at trial. The belated production of those reports, however, clearly creates the possibility of prejudice if, for example, they include information that could be subject to suppression. Because the defendant has not made bail on the pending charges, an enlargement of time in which to file pre-trial motions is not a satisfactory option. Thus, this issue remains pending but is not susceptible to resolution until the time of trial.

STATE OF MAINE
PENOBSCOT COUNTY SUPERIOR COURT

STATE OF MAINE V. HERMAN RODRIGUEZ
CR-2003-122


DISTRICT ATTORNEY:

PATRICK LARSON, ASSISTANT DISTRICT ATTORNEY
OFFICE OF THE DISTRICT ATTORNEY
97 HAMMOND ST
BANGOR ME 04401

DEFENSE COUNSEL:

MARVIN H. GLAZIER, ESQ.
VAFIADES, BROUNTAS & KOMINSKY
PO BOX 919
BANGOR, ME 04402-0919