STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss                           CRIMINAL ACTION
                                        DOCKET NO. CR-05-612
                                        NM-PEN-2/20/06

STATE OF MAINE

    v.                                  ORDER ON DEFENDANT'S
                                        MOTION TO SUPPRESS
JOYCE MURPHY,

        Defendant

FILED & ENTERED
SUPERIOR COURT
MAR 0 1 2006
PENOBSCOT COUNTY

The findings of fact made on the record at the conclusion of the hearing are incorporated into this order by reference.

ARREST AND BLOOD ALCOHOL TEST

"The probable cause standard for requiring a person to take a blood alcohol test has a very low standard." State v. Webster, 2000 ME 115, ¶ 7, 754 A.2d 976, 977-78. The court concludes that the officer had sufficient probable cause to believe the defendant was operating the car while his senses were "impaired however slightly" or "to any extent" by the alcohol he admitted drinking. See id., 2000 ME 115, ¶ 7, 754 A.2d at 978. The arrest and request that the defendant submit to a blood alcohol test were justified on this record.

DUE PROCESS

After the defendant was arrested and taken to the police station, the officer told her that if she did not submit to a blood alcohol test, she would go to jail overnight and that if she submitted to a test, she could go home. Based on that information, the defendant submitted to a test. But for the threat of immediate incarceration, she would have signed the implied consent form and refused to take a test.

1

When a defendant argues that her right to due process has been violated, the procedures used by the police are reviewed "to determine if the conduct 'offends the community's sense of justice, decency, and fair play.'" State v. Bavouset, 2001 ME 141, ¶7, 784 A.2d 27, 30 (quoting Roberts v. State, 48 F.3d 1287, 1291 (1st Cir. 1995)). A determination of whether state action violates a defendant's right to due process involves consideration of "(1) the private interest that will be affected by the State's action; (2) the risk of an erroneous deprivation of that private interest along with the probable utility of substitute or added safeguards; and (3) the government's interest in adhering to the existent procedure." State v. Cote, 1999 ME 123, ¶ 12, 736 A.2d 262, 265.

The officer's action affected the defendant's liberty interests, which deserve substantial due process protection. See Roberts, 48 F.3d at 1292-93; see also State v. Stade, 683 A.2d 164, 166 (Me. 1996) (loss of license is property interest worthy of due process protection). The risk of an erroneous deprivation of her liberty is present. If the defendant refused to submit to the test and the State subsequently declined to prosecute or the defendant was acquitted, she would have been incarcerated only because of the officer's policy. The government's interest in preventing impaired drivers from operating on Maine's highways and in maintaining the legislatively mandated implied consent procedure can be protected without adding additional penalties beyond those imposed by the Legislature. See id.

The Law Court has concluded that "[a]llowing the suspect to choose whether to submit to testing was 'a matter of grace' bestowed by the state legislature and, thus, not subject to constitutional protections." Cote, 1999 ME 123, ¶ 10, 736 A.2d at 265. The officer's action in this case, however, affected the defendant's ability to choose and added the immediate consequence of incarceration for a refusal that has not been mandated by the Legislature. Cf. State v. Brann, 1999 ME 113, ¶10, 736 A.2d 251, 255

2

(no evidence to suggest that defendant was "tricked or coerced into submitting to test"). The facts of this case are at least as troublesome as those in State v. Stade, in which the Court determined that the officer's providing false information and failing to read the implied consent form to the defendant rendered the admission of the test result fundamentally unfair. See Stade, 683 A.2d at 166. Under the circumstances of this case, this court concludes that the officer's action was fundamentally unfair and offensive to the community's sense of fair play.

The entry is

The Defendant's Motion to Suppress the test result is
GRANTED. The remainder of the Motion is DENIED.

Date: February 26, 2006

Nancy Mills
Justice, Superior Court

3



CLERK'S OFFICE

# Superior Court

97 Hammond Street
Bangor, Maine 04401
207-561-2300

ATTORNEY FOR THE STATE

MICHAEL ROBERTS
DEPUTY DISTRICT ATTORNEY
OFFICE OF THE DISTRICT ATTORNEY
97 HAMMOND ST
BANGOR ME 04401

ATTORNEY FOR THE DEFENDANT

JEFFREY SILVERSTEIN, ESQ
145 EXCHANGE ST
BANGOR ME     04401