STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, SS.                                     CRIMINAL ACTION
                                                  Docket No.   CR-09-251
                                                  _DHM, - KEN- 1/26/10 0:0

STATE OF MAINE

      v.                                          **ORDER**

MICHAEL C. KENNEDY,

      Defendant


      This matter came before the court on defendant's motion to suppress evidence. It is the defendant's position that he was detained without articulable suspicion of wrongdoing and that he was arrested, taken into custody, and interrogated, while in custody, without probable cause.

      On February 26, 2009, an officer of the Augusta Police Department responded to a call of a reported attempted break-in at a location on Murdock Street in the City of Augusta. When he arrived in the parking area he first noticed a green Dodge van partially on top of a snow bank at the end of a walkway leading to the door of an apartment house.[1] When he entered, he found the defendant in front of an apartment door on the second floor and he spoke with him. He asked the defendant for identification, which was produced, and the defendant advised him that he was there to visit a friend, that he did not live in the building, the vehicle was his, and that his sister had dropped him off at that location. The defendant further asserted that he had not been driving. It was at this point that a second officer arrived and inasmuch as both officers observed that the defendant had clearly been drinking or was otherwise showing symptoms of ingesting intoxicants, the first officer asked the second officer to take the defendant outside while he talked with the person reporting the attempted

---

[1] Depending upon the witness, this was either 30 or 75 feet up the walkway from the parking lot.

break-in in the nearby apartment. At various times the defendant referred to the van as his "sister's" Durango and at other times "my" car.[2]

The second officer had a conversation with the defendant while the first officer was interviewing the apartment owner. The second officer noted particularly the signs of intoxication and made inquiry as to what the defendant was doing in that location. The officer also asked the defendant how he got to that location and the response was that the defendant shrugged his shoulders. At one point the defendant said, "I'm just here" and "just got here." When the officer asked who the vehicle belonged to the defendant said, "my sister." Later when the officer asked who was driving the vehicle, the defendant did not respond. At one point the defendant specifically said that he did not drive to that location and then added that he did not know who drove the van to that location.

Soon a Sergeant of the Augusta Police Department arrived and observed the second officer interviewing the defendant. He also noted the vehicle on a snow bank at the apartment house on the long walkway. As the second officer had observed, the Sergeant noted that the radio was playing in the van. The Sergeant felt the hood of the vehicle and determined that the engine was warm.

The Sergeant asked the defendant if he drove the van, and the defendant said, "no." There were a number of questions relating as to how the defendant got to the location, to which the defendant just nodded.

The second officer took the defendant out to the parking area and conducted field sobriety tests. It was the testimony of the officers that the most crucial question at this point was whether or not the defendant was in a condition wherein they would have allowed him to drive the van to leave the area. On a couple of occasions, during the course of the field sobriety tests, as the defendant attempted to accomplish the tests, the defendant said, "I can't do this, you got me." At some point, the Sergeant made an

---

[2] This is confusing. The officers identified a van; the court understands a Durango to be a SUV.

affirmative statement to the defendant indicating that he, the officer, believed that the defendant drove the vehicle there and asked the defendant, "don't you agree?" The only response by the defendant was a nodding of his head. The Sergeant reached the conclusion, from all the circumstances, that the defendant had driven the van and was in no condition to operate the vehicle and the defendant was taken into custody.

The officers affected an arrest and placed the defendant in handcuffs for the purpose of taking him to the station. At that point the defendant was in custody subsequent to which *Miranda* must apply. Under the circumstances, it does not appear that he was in a custodial situation when he was questioned regarding his driving such as to constitute interrogation in violation of the defendant's rights. To the extent the officers were most concerned with his not getting in the van and driving away, the issue of whether he drove to that location related also to whether that was his only means of transportation. It is not established that if the defendant decided to walk away from the scene up until the officers reached the conclusion that he had driven the vehicle to the location, that he was in a custodial situation.

The fundamental question is whether or not, in the total absence of any observation by the officers of the defendant operating the vehicle and in the further absence of any statement by the defendant that he operated the vehicle, there was sufficient circumstantial evidence to meet the standard of articulable suspicion to detain the defendant and probable cause to arrest the defendant.

The probable cause concept is based on an objective standard.

"[p]robable cause rests on probabilities and is objective in nature. It is not whether particular officers thought or believed they had cause to arrest or search. It is rather whether on the basis of facts known or reasonably believed by him, an ordinarily prudent and cautious officer would have probable cause to arrest or search."

*State v. Parkinson*, 389 A.2d 1, 8 (Me. 1978) (citing *State v. Heald*, 314 A.2d 820, 828 (Me. 1973); also *State v. Mimmovich*, 284 A.2d 282, 285 (Me. 1971)). The officers testified that they based the probable cause upon three elements. First, that the defendant

nodded when confronted with an accusation by the officer that he had driven the vehicle. Second, during the field sobriety tests he said, "I can't do this, you got me." Third, the fact the defendant could not or would not explain who was the driver of the vehicle.[3] This would suggest that rather than the silent actions and minimal words used by the defendant to explain away his lack of operation, his failure to explain in a credible and consistent way how the vehicle got to that location at the time in question is the element that would cause a reasonably objective police officer to conclude that his statements were "facially incredible." It is evident these officers so found. In the final analysis, the presence of the vehicle in the early morning hours in the location in question, in a position such that the operator must have either been seriously impaired or deliberately attempting to drive on a walkway and damage a vehicle in a snow bank, the fact the defendant was the only person around, save the occupant of the apartment who had reported the attempted break-in, the appearance of the defendant and his inability to complete field sobriety tests, and his "facially incredible" explanations for operation appear to provide, circumstantially, sufficient probable cause for "an ordinarily prudent and cautious officer" to believe that the defendant operated the vehicle in question while impaired. *Heald*, 314 A.2d 820.

When the Sergeant communicated to the officer conducting the field sobriety tests that he was satisfied that the defendant was driving the vehicle, the knowledge of one officer communicated to the other gave a basis for the officer to effect the arrest. There was no violation of the *Miranda* doctrine up to that time as the defendant was not in custody, but certainly, any statements made by the defendant subsequent to that point without *Miranda* warning would not be allowed.

---

[3] This court notes that our appellate court has utilized the following factor as an element of circumstantial evidence to justify probable cause: ". . . and the officer had heard Webster make a facially incredible statement that the officer could have believed was intended to cover-up recent, more substantial consumption of alcoholic beverages." *State v. Webster*, 2000 ME 115, ¶ 8, 754 A.2d 976, 978.

4

The entry will be:

Motion to Suppress is DENIED.


DATED: 1-28-10

Donald H. Marden
Justice, Superior Court

STATE OF MAINE
  vs
MICHAEL C KENNEDY
381 FRONT ST APT 2A
RICHMOND ME 04357

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-2009-00251

**DOCKET RECORD**

DOB: 04/10/1969
Attorney: C SPURLING
       SPURLING LAW OFFICES
       TWO CHURCH ST
       GARDINER ME 04345
       RETAINED 03/06/2009

State's Attorney: EVERT FOWLE

Filing Document: CRIMINAL COMPLAINT
Filing Date: 02/27/2009

Major Case Type: MISDEMEANOR (CLASS D,E)

**Charge(s)**

**1  OPERATING UNDER THE INFLUENCE-1 PRIOR**    02/26/2009 AUGUSTA
**Seq 9879  29-A  2411(1-A)(B)(1)**     **Class D**
   **GRAY**            **/ AUG**

**2  OPERATE WHILE LICENSE SUSPENDED OR**    02/26/2009 AUGUSTA
   **REVOKED, PRIOR**
**Seq 9891  29-A  2412-A(1-A)(D)**     **Class E**
   **GRAY**            **/ AUG**

**Docket Events:**

04/06/2009 Charge(s): 1,2
       TRANSFER -  TRANSFER FOR JURY TRIAL EDI ON 04/06/2009 @ 18:00

       TRANSFERRED CASE: SENDING COURT CASEID AUGDCCR200900424
       FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 02/27/2009

       Charge(s): 1,2
       HEARING -  ARRAIGNMENT SCHEDULED FOR 02/27/2009 @ 1:00 in Room No.  1

       NOTICE TO PARTIES/COUNSEL
       Charge(s): 1,2
       HEARING -  ARRAIGNMENT HELD ON 02/27/2009

       DEFENDANT INFORMED OF CHARGES.  21 DAYS TO FILE MOTIONS
       BAIL BOND -  CASH BAIL BOND COMMITMENT ISSUED ON 02/27/2009
       RICHARD  MULHERN , JUDGE
       Charge(s): 1,2
       PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 02/27/2009

       TRIAL -  BENCH SCHEDULED FOR 04/07/2009 @ 8:30 in Room No.  1

       NOTICE TO PARTIES/COUNSEL
       TRIAL -  BENCH NOT HELD ON 04/06/2009

       Party(s): MICHAEL C KENNEDY
       ATTORNEY - RETAINED ENTERED ON 03/06/2009

Printed on: 01/28/2010

Attorney:  C SPURLING
Charge(s): 1,2
MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 03/06/2009

04/06/2009 Charge(s): 1,2
HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 04/07/2009 @ 8:30 in Room No.  1

NOTICE  TO PARTIES/COUNSEL
Charge(s): 1,2
HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 03/06/2009

MOTION -  MOTION TO AMEND BAIL FILED BY STATE ON 03/13/2009

MAINE PRE-TRIAL CONTRACT
MOTION -  MOTION TO AMEND BAIL GRANTED ON 03/13/2009
RICHARD  MULHERN , JUDGE
COPY TO PARTIES/COUNSEL
BAIL BOND -  PR BAIL BOND COND RELEASE ISSUED ON 03/13/2009
RICHARD  MULHERN , JUDGE
BAIL BOND -  PR BAIL BOND FILED ON 03/16/2009

Date Bailed: 03/13/2009
Charge(s): 1,2
TRANSFER -  TRANSFER FOR JURY TRIAL GRANTED ON 04/06/2009
ROBERT E MULLEN , JUDGE
STATE OBJECTS AS IT IS LATE, BUT NOT READY TO PROCEED BECAUSE THEY DISCHARGED WITNESSES
FOR TOMORROWS HEARING.  MOTION FOR LATE TRANSFER GRANTED.
Charge(s): 1,2
TRANSFER -  TRANSFER FOR JURY TRIAL REQUESTED ON 04/03/2009

Charge(s): 1,2
FINDING -  TRANSFER FOR JURY TRIAL TRANSFERRED ON 04/06/2009

AUGSC
04/13/2009 Charge(s): 1,2
TRANSFER -  TRANSFER FOR JURY TRIAL RECVD BY COURT ON 04/13/2009

RECEIVED FROM AUGUSTA DISTRICT COURT DOCKET NO: CR-09-424
06/23/2009 MOTION -  MOTION TO REVOKE BAIL FILED BY STATE ON 06/19/2009

06/23/2009 HEARING -  BAIL HEARING HELD ON 06/19/2009
RICHARD  MULHERN , JUDGE
DEFENDANT DENIES MOTION TO REVOKE BAIL AND SET FOR HEARING ON 9/2/09 AT 8:30
06/23/2009 BAIL BOND - $1,000.00 CASH BAIL BOND SET BY COURT ON 06/19/2009
RICHARD  MULHERN , JUDGE
MAY HAVE SUPERVISED RELEASE TO MAINE PRETRIAL
06/23/2009 BAIL BOND -  PR BAIL BOND BAIL RELEASED ON 06/23/2009

Date Bailed: 03/13/2009
06/23/2009 Charge(s): 1,2
HEARING -  MOTION TO SUPPRESS CONTINUED ON 04/07/2009

06/23/2009 HEARING -  MOTION TO REVOKE BAIL SCHEDULED FOR 09/02/2009 @ 2:45

        NOTICE  TO PARTIES/COUNSEL
06/23/2009 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 09/02/2009 @ 2:45

        NOTICE  TO PARTIES/COUNSEL
06/23/2009 BAIL BOND -  PR BAIL BOND RELEASE ACKNOWLEDGED ON 06/23/2009

        Date Bailed: 03/13/2009
06/25/2009 BAIL BOND -  CASH BAIL BOND FILED ON 06/25/2009

06/25/2009 BAIL BOND - $1,000.00 CASH BAIL BOND FILED ON 06/25/2009

        Bail Receipt Type: CR
        Bail Amt: $1,000
                                Receipt Type: CK
        Date Bailed: 06/24/2009    Prvdr Name: MICHELE  MALINOWSKI
                                Rtrn Name: MICHELE  MALINOWSKI

09/03/2009 HEARING -  MOTION TO SUPPRESS CONTINUED ON 09/02/2009

09/03/2009 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 09/29/2009 @ 1:00

        NOTICE  TO PARTIES/COUNSEL
09/14/2009 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 09/14/2009

09/16/2009 MOTION -  MOTION TO CONTINUE GRANTED ON 09/15/2009
        DONALD H MARDEN , JUSTICE
        COPY TO PARTIES/COUNSEL
09/16/2009 HEARING -  MOTION TO SUPPRESS CONTINUED ON 09/15/2009
        DONALD H MARDEN , JUSTICE
09/16/2009 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 12/08/2009 @ 8:30

        NOTICE  TO PARTIES/COUNSEL
09/16/2009 HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 09/16/2009

12/07/2009 HEARING -  MOTION TO REVOKE BAIL NOT HELD ON 09/02/2009

12/07/2009 HEARING -  MOTION TO REVOKE BAIL SCHEDULED FOR 12/08/2009 @ 8:30

        NOTICE  TO PARTIES/COUNSEL
12/07/2009 OTHER FILING -  OTHER DOCUMENT FILED ON 12/07/2009

        LETTER FROM DEFENSE ATTORNEY REGARDING SCHEDULING CONFLICT FOR 12/9
12/08/2009 HEARING -  MOTION TO SUPPRESS CONTINUED ON 12/08/2009

12/08/2009 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 12/10/2009 @ 8:30

        NOTICE  TO PARTIES/COUNSEL
12/08/2009 HEARING -  MOTION TO REVOKE BAIL CONTINUED ON 12/08/2009

12/08/2009 HEARING -  MOTION TO REVOKE BAIL SCHEDULED FOR 12/10/2009 @ 8:30

NOTICE   TO PARTIES/COUNSEL
12/11/2009 HEARING -   MOTION TO REVOKE BAIL CONTINUED ON 12/10/2009


12/11/2009 HEARING -   MOTION TO SUPPRESS CONTINUED ON 12/10/2009


12/11/2009 HEARING -   MOTION TO REVOKE BAIL SCHEDULED FOR 01/05/2010 @ 3:00

           NOTICE   TO PARTIES/COUNSEL
12/11/2009 HEARING -   MOTION TO SUPPRESS SCHEDULED FOR 01/06/2010 @ 8:30


           NOTICE   TO PARTIES/COUNSEL
01/07/2010 HEARING -   MOTION TO SUPPRESS HELD ON 01/06/2010
           DONALD H MARDEN , JUSTICE
           Reporter: TAMMY DROUIN
01/07/2010 Charge(s): 1,2
           MOTION -   MOTION TO SUPPRESS UNDER ADVISEMENT ON 01/06/2010
           DONALD H MARDEN , JUSTICE
01/15/2010 OTHER FILING -   MEMORANDUM OF LAW FILED ON 01/15/2010


01/15/2010 OTHER FILING -   MEMORANDUM OF LAW FILED ON 01/15/2010


           FILED BY DA
01/28/2010 Charge(s): 1,2
           MOTION -   MOTION TO SUPPRESS DENIED ON 01/28/2010
           DONALD H MARDEN , JUSTICE
           COPY TO PARTIES/COUNSEL
01/28/2010 Charge(s): 1,2
           ORDER -   COURT ORDER ENTERED ON 01/28/2010
           DONALD H MARDEN , JUSTICE

A TRUE COPY
ATTEST: _____
                    Clerk