STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2010 JAN 28 P 3: 22

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-09-6973
JAW -CUM - 1/28/2010

STATE OF MAINE,

Plaintiff

DECISION AND ORDER

v.

RALPH AMERGIAN,

Defendant

## BEFORE THE COURT

This matter comes before the court on Defendant Ralph Amergian's

(defendant or Amergian) Motion to Suppress all evidence seized on the grounds

that there was no probable cause for arrest. The State has charged Amergian

with Operating Under the Influence (OUI), Class D, in violation of 29-A

M.R.S.A. § 2411(1-A), (B)(1). The Complaint alleges that he had a blood alcohol

level of 0.12% and one previous OUI conviction with a 10-year period.

## FACTS

Amergian was stopped for failure to dim the headlights of his motor

vehicle. The arresting officer was traveling southbound on Route 100 coming out

of a 35 mph zone into a 50 mph zone when he encountered a vehicle traveling

northbound with its high beams on. That vehicle continued on without dimming

its high beams. The officer turned his vehicle around, activated the emergency

lights and stopped defendant's vehicle. Defendant was operating a Jeep

Rambler, with the windows zipped out and his leg half outside of the driver's door.

Amergian's speech was sluggish, his eyes were bloodshot and glassy, and the officer could smell intoxicants coming from the vehicle. Defendant was the only occupant in the vehicle. The officer asked defendant where he was coming from and defendant responded that he was coming from a get together with some of his friends who were planning a bachelor party for the next day. When asked whether he had anything to drink, defendant responded, "two beers." The officer returned to his vehicle to run defendant's license and learned defendant had a prior OUI. The officer returned to the defendant's vehicle and advised the defendant that he was going to do some field sobriety tests (FST) to determine his intoxication level and whether it would be safe for him to drive. The officer based his decision to administer FST on the combination of failure to dim lights, odor of intoxicants, glassy, bloodshot eyes, lackadaisical nature, coming back from bachelor party planning with friends and his admission to drinking. The court concludes that information pertaining to a prior OUI also played a role in the officer's decision to administer FST.

The officer asked defendant to step to the rear of vehicle and then proceeded to administer the FST. On the HGN, for which the officer is not certified, the officer concluded that defendant demonstrated all 6 clues for intoxication. On the walk and turn test, he concluded that defendant disclosed 3 clues of intoxication, raising his arms during the instructional phase, stepping out of line, and stopping, letting out a small frustrating yelp, composing himself and then continuing with the test. On the one leg stand, defendant disclosed 2 clues, raising his hand above 6 inches, placing his foot down, and stopping with

2

frustrated mumbling, composing himself and completing the test. After the one leg stand, the officer asked defendant, where would he place himself on a scale of 1 to 10, from sober to most intoxicated. Defendant responded, "between a 3.5 and 4." When asked by the officer if he were okay to drive, defendant responded that he was not. The officer then decided to perform one more FST because of his lack of certification for the HGN, that is the finger dexterity test, for which the officer is also not trained and has performed only once before. On this test, the defendant "had an issue with counting" but was otherwise able to count to four and back to one three times, touching thumb tip to finger tip on each count. The officer then arrested defendant for OUI based on the totality of the circumstances, including failing to dim high beams, admission of consumption of alcohol, odor of intoxicants, glassy, bloodshot eyes, his sluggish manner, clues in the FSTs, admission of a 3.5 to a 4 along the sobriety continuum, admission of inability to drive, and coming back from planning party with friends for a bachelor party.

## DISCUSSION

Even if the court were to throw out the HGN test results and the finger dexterity test results, defendant would still fail in his argument because "[t]he probable cause standard for requiring a person to take a blood-alcohol test has a very low threshold." *State v. Forsyth*, 2002 ME 75, ¶ 14, 795 A. 2d 66, 70 (citations omitted) "For there to be probable cause for OUI, an officer only needs evidence sufficient to support the reasonable belief 'that the person's senses are affected to the slightest degree, or to any extent, by alcohol that the person has had to drink.'" *Id.* citing *State v. Webster*, 2000 ME 115, ¶ 7, 754 A. 2d 976, 978. Probable cause has been found on as little evidence as an improper u-turn, smell of strong

3

odor of alcohol on the defendant's breath and hearing the defendant make an incredible statement believed to be made to cover-up the defendant's impairment. See *State v. Webster*, 2000 ME 115, ¶ 7.

In this case, the officer observed the failure to dim headlights, the smell of alcohol, defendant's lackadaisical and sluggish manner, and glassy, bloodshot eyes. Amergian admitted to drinking and placed himself on a sobriety continuum at 3.5 to 4. Amergian also signaled impairment with the clues in the walk and turn test and one leg stand test. These facts establish the reasonable belief of a prudent and cautious officer that Amergian had been operating his vehicle while under the influence, and more than justify the officer's determination to arrest the defendant.

## CONCLUSION

The defendant's motion to suppress is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Crim. P. 53(a).

DATED: January 28, 2010

Joyce A. Wheeler, Justice

4

STATE OF MAINE
 vs
RALPH S AMERGIAN, JR                                    Docket No   CUMCD-CR-2009-06973
4 FAIRVIEW AVE
GRAY ME 04039                                           **DOCKET RECORD**

DOB: 07/24/1983
Attorney: WILLIAM CHILDS                     State's Attorney: STEPHANIE ANDERSON
         CHILDS RUNDLETT FIFIELD SHUMWAY LLC
         350 E BRIDGE STREET
         WESTBROOK ME 04092
         RETAINED 10/14/2009

## Charge(s)

**1   OPERATING UNDER THE INFLUENCE-1 PRIOR        08/28/2009 CUMBERLAND**
**Seq 9879  29-A  2411(1-A)(B)(1)       Class D**
**   WOODCOCK              / CMB**

## Docket Events:

09/02/2009 FILING DOCUMENT -  CASH BAIL BOND FILED ON 09/01/2009


09/02/2009 Charge(s): 1
           HEARING -  ARRAIGNMENT SCHEDULED FOR 10/27/2009 @ 8:30 in Room No.  1


           NOTICE TO PARTIES/COUNSEL
09/02/2009 BAIL BOND - $200.00 CASH BAIL BOND FILED ON 09/01/2009


           Bail Receipt Type: CR
           Bail Amt:  $200
                                     Receipt Type: CK
           Date Bailed: 08/28/2009   Prvdr Name: RALPH  AMERGIAN
                                     Rtrn Name:
           988
10/08/2009 Charge(s): 1
           SUPPLEMENTAL FILING -  COMPLAINT FILED ON 10/07/2009
           JAMES  TURCOTTE , ASSISTANT CLERK
10/14/2009 Party(s):  RALPH S AMERGIAN JR
           ATTORNEY -  RETAINED ENTERED ON 10/14/2009


           Attorney:  WILLIAM CHILDS
10/29/2009 Charge(s): 1
           HEARING -  ARRAIGNMENT WAIVED ON 10/27/2009 @ 8:30 in Room No.  1


10/29/2009 Charge(s): 1
           PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 10/27/2009 @ 8:30 in Room No.  1


10/29/2009 Charge(s): 1
           HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 01/14/2010 @ 2:00 in Room No.  7


10/29/2009 Charge(s): 1
           TRIAL -  JURY TRIAL SCHEDULED FOR 02/08/2010 @ 8:30 in Room No.  11


           NOTICE TO PARTIES/COUNSEL

12/28/2009 Charge(s): 1
        HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 12/28/2009
        TERRY  VALCOURT , ASSISTANT CLERK-E
01/14/2010 Charge(s): 1
        HEARING - DISPOSITIONAL CONFERENCE HELD ON 01/14/2010
        JEFF  MOSKOWITZ , JUDGE
        Attorney:  WILLIAM CHILDS
        DA:  JENNIFER NORBERT
        NO AGREEMENT. MOTION TO SUPPRESS FILED. SET FOR HEARING AND TRIAL DATE REMAIN SET.
01/15/2010 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 01/14/2010

        Attorney:  WILLIAM CHILDS
01/15/2010 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 01/26/2010 @ 1:00 in Room No.  8

        NOTICE  TO PARTIES/COUNSEL
01/15/2010 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 01/15/2010

02/01/2010 HEARING - MOTION TO SUPPRESS HELD ON 01/26/2010
        JOYCE A WHEELER , JUSTICE
        TAPE 3625, MOTION MTO SUPPRESS UNDER ADVISEMENT AFTER HEARING
02/01/2010 MOTION - MOTION TO SUPPRESS DENIED ON 01/28/2010
        JOYCE A WHEELER , JUSTICE
        COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST:  _____
                        Clerk