STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.                         Docket No. CR-16-1326


STATE OF MAINE              )
                           )
                           )
v.                         )          ORDER ON MOTION TO SUPPRESS
                           )
                           )
MORGAN AASKOV              )
                           )
       Defendant          )


This matter came before the Court for hearing on Defendant's motion to suppress on August 9, 2016. Defendant appeared with counsel, Peter E. Rodway, Esq. The sole witness presented was the arresting officer, Kipp Bleicken of the Westbrook Police Department. An audio and video recording was presented to the court in compact disc form. Due to time limitations, and with the consent of both counsel for the defendant and the State, the court reviewed the recording outside of the hearing. After consideration of the testimony and evidence presented and arguments of counsel, the motion is DENIED for the reasons set forth below.

Around 1:00 a.m. on February 29, 2016, Officer Bleicken was on patrol in a marked police cruiser in Westbrook, accompanied by a field training officer. Officer Bleicken observed a motor vehicle, a Mini Cooper, traveling thirteen miles per hour in excess of the posted speed limit and conducted a traffic stop.

The Mini Cooper pulled over to the side of the road promptly, using its directional and coming to a controlled stop in the breakdown lane. Officer Bleicken approached the driver's window and observed Defendant in the driver's seat and an adult male in the front passenger's seat. When asked to produce her documentation, Defendant reached into the backseat to retrieve her purse, at which point she inadvertently compressed the car's accelerator with her foot, causing the engine to rev for approximately one second. (D. Ex. 1, 0:01:41).

Officer Bleicken discerned the odor of intoxicants emanating from the vehicle and retrieved an empty can of "Hard Soda" from the passenger-side floor. The passenger claimed the can was his, and that he had not consumed it in the vehicle. (D. Ex. 1, 0:06:10). Defendant never admitted to drinking that evening, and denied doing so at least seven times. (D. Ex. 1, 0:02:03, 0:06:59 (twice), 0:09:31 (twice), 0:15:11, 0:15:26).

Officer Bleicken asked Defendant to step out of her vehicle to ascertain whether the odor of intoxicants was emanating from her, to which Defendant consented. Officer Bleicken testified he perceived the odor of intoxicants coming from Defendant after she exited the car. Officer Bleicken proceeded to conduct a Horizontal Gaze Nystagmus test (HGN). As of February 29, 2016, Officer Bleicken was not deemed proficient by the Westbrook Police Department to conduct HGNs, but has subsequently been deemed proficient. He had previously received training in this area at the Maine Criminal Justice Academy. Defendant indicated she had been taking her prescribed Adderall and Albuterol, but did not otherwise indicate she was taking medication or suffering from a medical condition that would affect the test. Officer Bleicken observed six clues of impairment on the HGN, as well as vertical nystagmus.

Officer Bleicken proceeded to conduct an alphabet test, which Defendant completed exhibiting no clues of impairment, and a backwards counting test. Officer Bleicken asked Defendant to count backwards from eighty-nine to seventy-one. Defendant counted backward to seventy-nine, skipped to seventy-six, counted upwards to seventy-seven, stopped, clarified what number she was supposed to be counting down to, and proceeded to count backwards from seventy-seven to seventy-one. (D. Ex. 1, 0:11:17).

Officer Bleicken next instructed Defendant to stand heel-to-toe while he explained the walk and turn test, saying "don't start until I'm done the instructions," at which point Defendant broke the heel-to-toe stance. (D. Ex. 1, 0:12:14). Officer Bleicken demonstrated the test, completing the turn in a series of two steps. (D. Ex. 1, 0:12:35). Defendant performed the test, completing the turn in a series of two steps. (D. Ex. 1, 0:12:58). In his report, Officer Bleicken indicated Defendant exhibited two clues of impairment on the walk and turn test: breaking the heel-to-toe stance and completing the turn with too-few steps.

Finally, Officer Bleicken instructed Defendant to perform the one-legged stand test, which Defendant completed without exhibiting any clues of impairment. After

2

conducting these tests, Officer Bleicken informed Defendant he would need to bring her to the police station to perform a blood alcohol test.

The parties do not contest that Officer Bleicken had the requisite reasonable articulable suspicion to perform the traffic stop. As for the field sobriety tests, the Law Court has held "[a]n officer deciding whether or not to ask an operator to demonstrate that the operator is not impaired in any way by the consumption of alcohol or drugs need only entertain a reasonable suspicion that impairment may exist." *State v. Sylvain*, 2003 ME 5, ¶ 16, 814 A.2d 984. The Court finds that the odor of intoxicants coming from the car, the defendant herself, and the open (albeit empty) container are sufficient bases for Officer Bleicken to entertain an objectively reasonable suspicion of intoxication. As such, Officer Bleicken was justified in performing field sobriety tests on Defendant.

Defense counsel argued Officer Bleicken did not have sufficient probable cause to continue Defendant's detention in order to perform a blood alcohol test. In order to proceed with such a detention, "an officer must have probable cause to believe that the person's senses are affected to the slightest degree, or to any extent, by the alcohol that the person has had to drink." *State v. Webster*, 2000 ME 115, ¶ 7, 754 A.2d 976. The Court finds that Officer Bleicken had probable cause to believe Defendant had been drinking, despite her denials to having consumed any alcohol, based on the odor of intoxicants emanating from her. The Court further finds Officer Bleicken had probable cause to believe Defendant's senses were impaired by alcohol based on the totality to the circumstances: (1) Defendant's accidental revving of the engine while reaching for her purse, (2) the odor of intoxicants emanating from the car and the Defendant, (3) the open container in the vehicle, (4) the HGN results, (5) Defendant's mistake on the backwards counting test, and (6) the clues of impairment exhibited in the course of the walk and turn test.

While the Court recognizes that each of the circumstances listed above is vulnerable to an exculpatory explanation, the State has met its minimal burden of proving by a preponderance of the evidence that Officer Bleicken had probable cause to justify Defendant's further detention. Therefore, defendant's **motion to suppress is HEREBY DENIED** and this matter shall proceed to dispositional conference and hearing as otherwise scheduled.

3

The Clerk is hereby directed to mail a date-stamped copy of this Order to each counsel of record and note the mailing on the Unified Criminal Docket pursuant to M.R.U. Crim. P. 41A(d).

Dated: August 17, 2016

Jed J. French
Unified Criminal Court Judge