STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss.                           CRIMINAL ACTION
                                        DOCKET NO. CD CR-15-942


STATE OF MAINE,

                                        DECISION AND ORDER

v.

                                        Received and Filed

                                        JAN 3 0 2017

DEREK DANIEL BONENFANT,                 Augusta District Court
                                        Kennebec Superior Court
        Defendant

### BEFORE THE COURT

This matter comes before the court on Defendant Derek Daniel Bonenfant's (defendant or Bonenfant) Motion to Suppress all evidence seized on the grounds that there was no probable cause for arrest. The State has charged Bonenfant with Aggravated Criminal Operating Under the Influence (OUI), Class B, in violation of 29-A M.R.S.A. § 2411(1-A), (D)(2). The Indictment alleges that he operated a motor vehicle while under the influence of intoxicants, he failed to submit to a test at the request of law enforcement officer and he was convicted of two Operating Under the Influence, respectively in Kennebec Superior Court, Docket No. CR-07-974 and Docket No CR-08-832.

### FACTS

Kennebec County Sheriff Frank Hatch stopped Bonenfant for speeding 46 mph in a posted 35 mph zone. Hatch activated his blue lights at the bottom of a hill and although Bonenfant slowed down, he continued to operate his vehicle for more than one half a mile before he pulled over and stopped his vehicle.

Hatch made contact with the operator of the vehicle who produced a Maine identification card but stated he did not have a license. Hatch could detect a strong odor of intoxicating beverages come from the driver's breath. Hatch observed the driver had red, blood shot eyes, and his speech was a "little bit slurred". Hatch asked the driver whether he had anything to drink and the driver responded, "one drink." Hatch walked back to his cruiser and turned off his strobe lights and returned to the stopped vehicle and told the driver he was going to administer Field Sobriety Test ("FST"), to which the driver said, "No." Hatch asked the driver a second time to submit to the FST and the driver again said, "No." Hatch could still smell intoxicants, saw the blood shot eyes and heard the slurred speech from time to time, and he also observed that the driver was leaning against his vehicle, so Hatch told the driver he was going to arrest him and take him to the station to administer a breath test.

Hatch arrested the defendant on the grounds that: it was 12:22 am; he was speeding; he traveled a half a mile before he pulled over; he had red, blood shot eyes; he admitted to having one drink; he twice refused to take the field sobriety tests; he had slurred speech; and he was leaning against his vehicle. However, defendant did not mention all of these factors in his police report; he only mentioned statements of defendant; the odor coming from his breath; blood shot eyes; and occasionally slurred speech. Nor did he indicate in his report there were other factors. Defendant argues that the State is limited to the specific reasons stated in his report and these factors were insufficient for probable cause to arrest the defendant.

2

## DISCUSSION

Even if the court were to throw out the factors not specifically stated in the police report, defendant would still fail in his argument because "[t]he probable cause standard for requiring a person to take a blood-alcohol test has a very low threshold." *State v. Forsyth*, 2002 ME 75, ¶ 14, 795 A. 2d 66, 70 (citations omitted) "For there to be probable cause for OUI, an officer only needs evidence sufficient to support the reasonable belief 'that the person's senses are affected to the slightest degree, or to any extent, by alcohol that the person has had to drink.'" *Id.* citing *State v. Webster*, 2000 ME 115, ¶ 7, 754 A. 2d 976, 978. Probable cause has been found on as little evidence as an improper U-turn, smell of strong odor of alcohol on the defendant's breath and hearing the defendant make an incredible statement believed to be made to cover-up the defendant's impairment. See *State v. Webster*, 2000 ME 115, ¶ 7.

In this case, the officer observed the defendant speeding the strong odor of intoxicating beverages, speech at times a little bit slurred, and red, bloodshot eyes. Defendant produced an identification card but did not have a license. He also admitted to having one drink and twice refused the field sobriety tests. The officer is not limited to what was specifically mentioned in his report, particularly when the officer credibly testified as to *all* of the factors that caused him to believe that the defendant was operating a motor vehicle while under the influence of intoxicants. These facts establish the reasonable belief of a prudent and cautious officer that the defendant had been operating his vehicle while under the influence, and more than justify the officer's determination to arrest the defendant and to transport him for a breath intoxilyzer test.

3

## CONCLUSION

The defendant's motion to suppress is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Crim. P. 53(a).

DATED: January 30, 2017

_____
Joyce A. Wheeler, Justice, ARJ

4