STATE OF MAINE                                    UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.                                        No. CR-17-20183


STATE OF MAINE

v.                                                          ORDER

ROY WANDELL,

        Defendant


Defendant Roy Wandell is charged with a second offense OUI alleged to have occurred on March 22, 2017. He filed a motion to suppress on which a hearing was held on August 15, 2017.

At the outset of the hearing counsel for Wandell clarified that the motion to suppress was directed at whether there was reasonable articulable suspicion for the stop of Wandell's vehicle, whether there was reasonable articulable suspicion to subject Wandell to field sobriety tests, and whether there was probable cause for arrest. The State bears the burden of proof by a preponderance of the evidence on those issues.

The court finds as follows:

Freeport police officer Rebecca Kavanaugh was on duty at approximately 8:30 pm on March 22, 2017 when she was informed by a dispatcher that an off-duty trooper had observed a vehicle which was operating "all over the roadway." Officer Kavanaugh was also informed that the off-duty trooper had pulled up beside the vehicle, after it stopped at the Freeport McDonald's, and observed that the driver had glossy eyes. The dispatcher provided Kavanaugh with the plate number and a description of the vehicle, an older white F-150 pickup.

Officer Kavanaugh proceeded to a location where she could observe vehicles exiting the McDonalds parking area onto Mallett Drive. Once there, she saw the F-150 exit the parking area without coming to a stop before it entered the roadway. The F-150 then turned right on Maine Street, and Kavanaugh followed it closely as it turned left on School Street and then left on Bow Street. After approximately a mile, at the approximate location where Bow Street becomes Flying Point Road, she turned on her blue lights and stopped the F-150, which was driven by defendant Wandell. When it came to a stop, Wandell's vehicle was at the intersection of Flying Point Road and Pettengill Road.

During the time when she was following Wandell's vehicle, Officer Kavanaugh saw it drift to the left over the yellow centerline at least twice and drift to the right over the fog line at least twice.[1] Her observations, combined with the information she had received that the vehicle had previously been "all over the roadway" and that the operator's eyes had been glossy, constituted the basis for reasonable articulable suspicion on Officer Kavanaugh's part that Wandell was operating under the influence.[2]

When Officer Kavanaugh approached Wandell's vehicle and spoke with him to ask for his driver's license and registration, it appeared to her that he was having difficulty focusing. He began looking for his license, said a few words, went back to looking, and even grabbed for the officer's flashlight to assist him. He thereafter produced his license and registration and on inquiry, denied that he had been drinking. However, Officer Kavanagh smelled a mild odor of alcohol when she was speaking with Wandell. She also observed that his eyes were glossy.

---

[1] This is corroborated by the cruiser camera video entered into evidence as State's Ex. 1 at the suppression hearing.

[2] Reasonable articulable suspicion may be based on the collective knowledge of law enforcement agents. *State v. Carr,* 1997 ME 221 ¶ 7, 704 A.2d 353.

Suspecting that Wandell was impaired, Officer Kavanaugh then asked Wandell to exit his vehicle in order to perform field sobriety tests.

The State has met its burden of proof to demonstrate that Officer Kavanaugh had an objectively reasonable articulable suspicion to detain Wandell for field sobriety tests. This is based on the same information that justified the stop of the vehicle, plus Wandell's apparent lack of focus, his glossy eyes, his attempt to grab the officer's flashlight while he was looking for his driver's license and registration, and the mild odor of alcohol that Officer Kavanaugh detected when speaking with Wandell despite his denial of drinking. *See State v. Simons,* 2017 ME 180 ¶¶ 12-13; *State v. Eastman,* 1997 ME 39 ¶ ¶ 6-7, 691 A.2d 179.

The video from Officer Kavanaugh's cruiser camera shows that Wandell may have been very slightly off-balance when he stepped out of his vehicle and that he then walked in a gingerly manner back to the front of Officer Kavanaugh's vehicle to perform an HGN test. Officer Kavanaugh asked Wandell to sit on the front push bar of her cruiser for the HGN test. She had to ask him twice to do so. She asked him if he was on any medication, had any head injuries, or was wearing contacts. He said no. Although instructed to follow the stylus with his eyes not his head, Wandell initially moved his head.

Officer Kavanaugh observed all six possible clues of impairment on the HGN test. She then had Wandell move over to Pettengill Road to perform the walk-and-turn test because she believed it had less of an incline than the location on Flying Point Road where the stop had been made.[3]

---

[3] This put Officer Kavanaugh and Wandell out of the view of the cruiser camera for that test. There is no audio accompanying the cruiser camera video because Officer Kavanaugh, who had been working for the Freeport department for less than two months, testified she was not aware that she could turn the microphone on.

On the walk-and-turn test, Officer Kavanaugh observed at least five clues – Wandell used his arms for balance, he did not correctly walk heel to toe, he stepped off the imaginary line, he stopped at one point and had to be told to continue, and he made an improper turn.

Although it was Officer Kavanaugh's recollection that the one-leg stand test was also performed out of range of the cruiser camera, State's Ex. 1 appears to show that Wandell returned to the area in front of Officer Kavanaugh's cruiser to perform that test. Because of where he was standing, only his upper body is visible but some unsteadiness is apparent. The video appears to corroborate Officer Kavanaugh's recollection that she observed Wandell put his foot down once during the one-leg stand. She then arrested Wandell for operating under the influence

The court does not place much significance on minor instances of unsteadiness, on initial failures to precisely follow an officer's instructions, or on isolated miscues on field sobriety tests – issues that can result from nervousness or unfamiliarity with the circumstances. However, it finds that based on the full complement of clues observed on the HGN test[4] and the numerous clues observed on the walk and turn, combined with the factors previously noted that gave rise to reasonable articulable suspicion, Officer Kavanaugh had probable cause to arrest Wandell for operating under the influence. *See State v. Webster,* 2000 ME 115 ¶¶ 7-8, 754 A.2d 976 (erratic driving maneuver and strong odor of alcohol combined with dubious claim that only one drink had been consumed four hours earlier found sufficient to meet the "very low threshold" of probable cause even though field sobriety tests had been successfully performed).

In this case there was no admission of drinking and only a mild odor of alcohol. However, a driver's denial of drinking cannot be given much weight. Wandell failed to

___

[4] The HGN test, in particular, is based on physical reactions that are not potentially affected by nervousness or possible misunderstanding of the officer's instructions.

4

successfully complete at least two of the field sobriety tests, had been observed driving "all over the road," had crossed the centerline and fog line several times each (even when closely followed by Officer Kavanaugh in her cruiser), and had evidenced a lack of focus and an unusual attempt to grab the officer's flashlight when he was first approached.

Wandell's motion to suppress is denied.


Dated: August 24, 2017

Thomas D. Warren
Justice, Superior Court

STATE OF MAINE
  v.
ROY R WANDELL
17 WEBSTER ROAD
FREEPORT ME 04032

DOB: 06/25/1949
Attorney: LEONARD SHARON
      ANDRUCKI & KING
      PO BOX 7120
      179 LISBON STREET
      LEWISTON ME 04243
      RETAINED 04/05/2017

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No  CUMCD-CR-2017-20183

**DOCKET RECORD**

State's Attorney: STEPHANIE ANDERSON

## Charge(s)

**1  OUI (ALCOHOL), 1 PRIOR**        **03/22/2017 FREEPORT**
**Seq 12944 29-A  2411(1-A)(B)(1)**      **Class D**

## Docket Events:

03/29/2017 FILING DOCUMENT -  NON CASH BAIL BOND FILED ON 03/27/2017

03/29/2017 Charge(s): 1
      HEARING -  ARRAIGNMENT SCHEDULE OTHER COURT ON 05/02/2017 at 08:30 a.m. in Room No.  1

      WESDC
03/29/2017 BAIL BOND - $500.00 UNSECURED BAIL BOND FILED ON 03/27/2017

      Bail Amt: $500
      Date Bailed: 03/22/2017
04/10/2017 Party(s): ROY R WANDELL
      ATTORNEY - RETAINED ENTERED ON 04/05/2017

      Attorney: LEONARD SHARON
04/25/2017 Charge(s): 1
      SUPPLEMENTAL FILING -  COMPLAINT FILED ON 04/24/2017

05/09/2017 Charge(s): 1
      HEARING -  ARRAIGNMENT WAIVED ON 04/05/2017

      Attorney: LEONARD SHARON
05/09/2017 Charge(s): 1
      PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 04/05/2017

      Attorney: LEONARD SHARON
05/09/2017 HEARING -  DISPOSITIONAL CONFERENCE SCHEDULE OTHER COURT ON 07/13/2017 at 10:00 a.m. in Room No.
      7

      PORSC
05/09/2017 TRIAL - JURY TRIAL SCHEDULE OTHER COURT ON 09/11/2017 at 08:30 a.m. in Room No.  11

      PORSC
05/09/2017 Charge(s): 1

TRANSFER - UCD CS FILE TRANS TO RESP CRT TRANSFERRED ON 05/09/2017

PORSC
05/31/2017 Charge(s): 1
TRANSFER - UCD CS FILE TRANS TO RESP CRT RECVD BY COURT ON 05/11/2017

PORSC
07/06/2017 HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 07/06/2017

07/14/2017 HEARING - DISPOSITIONAL CONFERENCE HELD ON 07/13/2017 at 10:00 a.m. in Room No. 7
THOMAS D WARREN , JUSTICE
Attorney: LEONARD SHARON
DA: RICHARD BIANCULLI
Defendant Present in Court

CHAMBERS. OFFER MADE - OPEN UNTIL 8/4. MOTIONS TO BE FILED.
07/14/2017 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 07/13/2017

TO SUPPRESS EVIDENCE AND STATEMENTS
07/14/2017 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 08/15/2017 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
07/14/2017 HEARING - MOTION TO SUPPRESS EVIDENCE NOTICE SENT ON 07/14/2017
JIM PAUL TURCOTTE , ASSISTANT CLERK
07/14/2017 OTHER FILING - OTHER DOCUMENT FILED ON 07/13/2017

Attorney: LEONARD SHARON
REQUEST FOR AN EXPERT
07/14/2017 MOTION - MOTION IN LIMINE FILED BY DEFENDANT ON 07/13/2017

EXCLUDE HGN AND FIELD SOBRIETY TESTS
08/15/2017 HEARING - MOTION TO SUPPRESS EVIDENCE HELD ON 08/15/2017
THOMAS D WARREN , JUSTICE
Attorney: LEONARD SHARON
DA: BRENDAN O'BRIEN
Defendant Present in Court

FTR CR#1. STATE CALLS OFFICER REBECCA KAVANAUGH; STATE ADMITS EXHIBIT #1; STATE RESTS.
DEFENSE RESTS. NO ARGUMENT. MOTION TAKEN UNDER ADVISEMENT.
08/15/2017 MOTION - MOTION TO SUPPRESS EVIDENCE UNDER ADVISEMENT ON 08/15/2017
THOMAS D WARREN , JUSTICE
08/15/2017 CASE STATUS - CASE FILE LOCATION ON 08/15/2017
DANIELLE MERRILL , ASSISTANT CLERK
FILE IS WITH J. WARREN FOR MOTION TO SUPPRESS EVIDENCE UNDER ADVISEMENT. PLEASE RETURN
FILE TO DANIELLE.
08/24/2017 CASE STATUS - CASE FILE RETURNED ON 08/24/2017

08/24/2017 MOTION - MOTION TO SUPPRESS EVIDENCE DENIED ON 08/24/2017
THOMAS D WARREN , JUSTICE
COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
                    Clerk