STATE of Maine

v.

Bonita WOOD.

Supreme Judicial Court of Maine.

Submitted on Briefs May 3, 1995.
Decided July 28, 1995.

Stephanie Anderson, Dist. Atty., Julia Sheridan, Asst. Dist. Atty., Portland, for the State.

Joseph Wrobleski, Jr., Biddeford, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Bonita Wood appeals from a judgment entered in the Superior Court (Cumberland County, *McKinley, A.R.J.*) on her conditional guilty plea. She was charged with operating a motor vehicle while under the influence of intoxicating liquor, 29 M.R.S.A. § 1312–B(1) (Pamph.1994). Her conditional guilty plea preserved for appellate review the denial by the District Court (Portland, *Sheldon, J.*) of her motion to suppress evidence resulting from the administration of a field sobriety test and subsequent arrest. She maintains that the investigating officer did not have an articulable suspicion to subject her to field sobriety tests from which he developed the probable cause to arrest her for OUI. We disagree, and affirm the judgment entered in the Superior Court.

In September 1993, Officer Michael Brown of the Westbrook Police Department was on routine patrol on Eisenhower Drive. He met a vehicle at approximately 10:30 p.m. with a headlight out. He stopped the vehicle immediately. Bonita Wood was the only occupant. He asked her for her driver's license, registration, and proof of insurance, which she provided with no difficulty. He observed that she had a hoarse, raspy voice, slurred speech, and bloodshot eyes. Wood denied that she had consumed any alcohol that evening. Brown asked Wood to blow in his face, but she only opened her mouth briefly without actually blowing. He conducted a partial horizontal gaze nystagmus test on her while she remained seated in her car, asking her to follow the tip of his pen with her eyes only. He observed that her left eye failed to track smoothly, indicating the presence of a central nervous system depressant. He then asked her to get out of the car in order to perform further field sobriety tests. After she failed three such tests, he arrested her and charged her with OUI.

Wood moved to suppress the evidence obtained as a result of the stop and the ensuing investigation. After a hearing in June 1994, the District Court denied the motion. Wood entered a conditional guilty plea in the Superior Court, and this appeal followed.

■ Wood does not challenge Brown's initial stop of her vehicle due to the defective headlight. She focuses only on the field sobriety tests administered by Brown that ultimately led to her arrest. Although the record reveals some confusion in the District Court hearing about the standard governing the reasonableness of the field sobriety tests administered in this case, it is well established that a field sobriety test, like any other investigatory stop, must be based on "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *See State v. Dulac,* 600 A.2d 1121, 1122 (Me. 1992) (quoting *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968)); *State v. Little,* 468 A.2d 615, 617–18 (Me. 1983). A police officer may make an investigatory stop if at the time of the stop the officer has an articulable suspicion, objectively reasonable in light of all the circumstances, that the object of the search has committed or is about to commit a crime. *See State v. Nelson,* 638 A.2d 720, 722 (Me. 1994).

■ In this case, Wood does not challenge any of the facts found by the suppression court. She takes issue only with the court's ultimate conclusion that the field sobriety tests were based on an objectively reasonable articulable suspicion. We therefore review independently the District Court's conclusion. *See State v. Cusack,* 649 A.2d 16, 18 (Me.1994) ("The key question on this appeal is whether the District Court properly applied legal principles to the undisputed facts in finding the officer's suspicions to be objectively reasonable. We will independently review, therefore, the District Court's findings.").

■ The crux of Wood's argument is that some evidence of actual impairment or the smell of alcohol is an essential requirement for articulable suspicion. We disagree.

"There is no mechanical standard by which we review a court's finding of reasonableness." *Id.* The key to the inquiry is whether the totality of the circumstances are sufficient to justify the intrusion. *Id.* at 19.

In this case, however, the officer had not only a reasonable basis for suspicion (Wood's bloodshot eyes and her failure to comply with his request to blow in his face), he had evidence of Wood's impairment (her slurred speech and her failure of the partial horizontal gaze nystagmus test). Those factors are more than sufficient to form the basis of a reasonable articulable suspicion that Wood might have been operating under the influence. *See State v. Pike*, 642 A.2d 145, 147 (Me.1994) (slurred speech, glassy eyes, and smell of alcohol are sufficient to form articulable suspicion); *State v. Hatch*, 614 A.2d 1299, 1301 (Me.1992) (late-night parking at closed tavern, physical appearance of suspect, and inability to maintain balance are sufficient to constitute articulable suspicion). The officer was therefore justified in administering a field sobriety test.

The entry is:

Judgment affirmed.

All concurring.