STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
KENNEBEC, ss.                                     DOCKET NO. AP-06-45
                                                  SKS - KEN - 1/17/2007

JOHN A. RICCI,

              Petitioner

       v.                                         DECISION ON APPEAL

STATE OF MAINE,
SECRETARY OF STATE,
BUREAU OF MOTOR VEHICLES,

              Respondent

       This matter comes before the court on appeal pursuant to M.R. Civ. P. 80C from a

decision of an Administrative Hearing Examiner within the Bureau of Motor Vehicles.

Since the court finds no error of law, abuse of discretion or findings unsupported by

substantial evidence in the record, the appeal will be denied.

### Background

       On November 8, 2005, petitioner John Ricci was stopped by a law enforcement

officer as the result of a "be on lookout for" message identifying a vehicle with a

registration plate very similar to that on the vehicle Ricci was driving. The officer

smelled alcohol coming from the vehicle, noted the petitioner's glassy, blood shot eyes

and the petitioner admitted having two cocktails with dinner at the restaurant he and

his party had just left. The petitioner got out of his vehicle without putting it in park,

causing the petitioner to scramble back in to control the vehicle. The petitioner's

performance on field sobriety tests, including an HGN test, were negative. The

petitioner was then tested as having a blood-alcohol content of .10%.

       The hearing before the Bureau's Hearing Examiner was an appeal of the

administrative suspension of his right to operate previously determined by the Bureau

staff. As identified by the examiner, the two issues involved were whether there was probable cause to believe that the petitioner had been operating a motor vehicle with an excessive blood-alcohol level, and whether the petitioner did in fact have an excessive blood-alcohol level. After analyzing the facts summarized above, plus the testimony of the chemist rendering his expert opinion based upon information provided by the petitioner, the hearing examiner found against the petitioner on both issues and ordered that the suspension become effective. The present appeal followed.

## Discussion

On the issue of probable cause, the petitioner argues that the examiner's finding was unsupported by substantial evidence on the whole record. However, on the contrary, the court finds that the examiner set forth numerous factors, supported by evidence in the record, that the petitioner was under the influence, including smell, physical observation, testing and the petitioner's own admission of alcohol use. The reference by the examiner to *State v. Webster*, 2000 ME 115, 754 A.2d 976, was to explain how probable cause could be found even though the officer did not notice any erratic operation of the vehicle. As stated in *Webster*, "A reasonable suspicion to support probable cause can exist independent of any evidence of actual impaired driving." *See State v. Eastman*, 1997 ME 39, ¶ 9, 691 A.2d 179, 182; *State v. Wood*, 662 A.2d 919, 920-921 (Me. 1995)". *Id.* ¶ 7.

With regard to the second issue – actual impairment – the hearing examiner had before him the actual test result from the intoxilyzer showing .10% BAC. As the examiner noted, this test result is accorded *prima facie* weight pursuant to 29-A M.R.S.A. § 2431. The petitioner attempted to attack this test result at hearing and on appeal by asking the chemist to extrapolate what the test result should have been based upon the testimony of the petitioner himself and other members of his dinner party. The net

result of this testimony was that if one were to believe the testimony of the petitioner's witnesses and applied scientific principles of analysis, the blood-alcohol level would have been below .08%. However, the accuracy of the chemist's opinion testimony is limited to the accuracy of the testimony and, given the examiner's opportunity to judge the credibility of the witnesses first-hand and the conflict of that opinion with the intoxilyzer result, the examiner discounted the opinion testimony and went with the test result. This conclusion is based upon the examiner's own judgment of witness credibility and is clearly supported by substantial evidence of the record. The fact that testimony by the defendant's witnesses was not rebutted does not mean that it has to be believed.

Having found no error of law, abuse of discretion or findings unsupported by the evidence of record and sufficiently explained in the opinion, the entry will be:

The decision of the respondent Bureau is AFFIRMED.

Dated: January 17, 2007

S. Kirk Studstrup
Justice, Superior Court

Date Filed __07-27-06__ _____KENNEBEC_____ Docket No. _AP-06-45_
                        County

Action ___PETITION FOR REVIEW  80C APPEAL___

# J. STUDSTRUP

| JOHN RICCI | vs. | SECRETARY OF STATE BUREAU OF M.V. |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| LOUIS SHIRO, ESQ<br>PO BOX 706<br>WATERVILLE, ME  04903-0706 | Kelly L. Turner, AAG<br>6 State House Station<br>Augusta, Maine  04333-0006 |

| Date of Entry | |
|---|---|
| 07-27-06 | Received and filed by Louis Shiro, Esq. on behalf of Petitioner, A Petition for Review 80c appeal and filing fee of $120.00. |
| 8/4/06 | Letter entering appearance, filed. s/Turner, AAG |
| 8/23/06 | Certified Record, filed. s/Turner, AAG.<br>Notice of briefing schedule mailed to attys of record. |
| 10/2/06 | Petitioner's Brief on Appeal, filed.  s/Shiro, Esq. |
| 10/12/06 | Brief of Respondent Bureau of Motor Vehicles, filed.  s/Turner, AAG<br><br>Notice of setting for ___1/7/07___<br><br>sent to attorneys of record. |
| 12/18/06 | Motion for Continuance, filed. s/Shiro, Esq.<br>Proposed Order, filed. |
| 12/27/06 | ORDER ON MOTION FOR CONTINUANCE, Studstrup, J.<br>Case reset for 1/3/07 at 11:00 a.m.<br>Copies mailed to attys of record. |
| 1/18/07 | DECISION ON APPEAL, Studstrup, J. (Dated 1/17/07)<br>The decision of the respondent Bureau is AFFIRMED.<br>Copies mailed to attys of record.<br><br>Copies mailed to Deborah Firestone, Garbecht Library and Goss. |