STATE OF MAINE       SUPERIOR  COURT
SOMERSET, SS.        CIVIL ACTION
             DOCKET NO CR-08-381

REC'D & FILED
Wendy M. Robinson

JAN 2 3 2009

Clerk of Courts
Somerset County

STATE OF MAINE,

  v.

             ORDER

CHARLES CARPENTER,

  Defendant.


   Hearing was held on the defendant's motion to suppress on November 13, 2002. The State was represented by counsel, Neil Mclean, Esq., while the defendant was present and represented by counsel, Paul Sumberg, Esq. In his motion, the defendant challenges the stop of the defendant beyond that which was necessary based on a running light violation and asks the court to suppress evidence and statements.

   The defendant, accompanied by his wife and two friends, was operating a watercraft on lake Wesserunsett on the night of July 5, 2008. Warden Miller, accompanied by Warden Cross was on a boating enforcement detail on the lake that clear and calm night and stopped the defendant's boat at approximately 9:45 because it was missing a port running light and a stern light. The warden, using his spotlight, pulled up to the starboard side of the boat and requested to see the boat's registration, which was not present, and conducted a check of the boat's safety gear, determining that the defendant had the requisite number of life jackets and appropriate safety gear on board. Although the defendant was not displaying the stern light, he had one in storage on board and retrieved it from storage and installed it in the warden's presence. Warden Miller, who was originally a boat width away from the defendant moved to the

other side of his boat while discussing safety equipment with the defendant, close to Warden Cross who was holding onto the side of defendant's boat.

From this location, which was within a few feet of the defendant and at times within two feet, the warden noticed the odor of alcoholic beverages coming from the defendant, noticed that his eyes were red and watery, and observed that the defendant was unsteady on his feet while he was moving around on his boat. Warden Miller asked the defendant if he had been drinking that night and the defendant said that he had not been drinking and that they were coming from a friend's house. When asked where he was headed, the defendant said he was going over by the cove, but pointed in a direction that was 90 degrees from the cove, and then pointed in a direction that was closer to the cove after the warden questioned the accuracy of the direction. Based on these observations, Warden Miller thought the defendant may be under the influence and decided to conduct some field sobriety tests. He boarded the defendant's boat so that most of the tests could be conducted there. He conducted a horizontal gaze nystagamous test and observed a lack of smooth pursuit when the defendant tried to focus on a stimulus moving in front of his eyes, onset of eye twitching (nystagamous) prior to 45 degrees and nystagamous at maximum deviation. According to the warden's training, these clues confirmed that defendant was under the influence. He was asked to recite a portion of the alphabet, which he accomplished successfully; and count from one number to another, which he failed to do successfully because he stopped prematurely.

Next, the warden wanted to conduct a one legged stand test, but didn't think it could be done properly on the boat so he drove the defendant to shore in the Warden Service's boat to conduct the test there, leaving the defendant's companions floating on the lake in defendant's boat. While performing the test, the defendant put his foot down

more than four times, raised his hands for balance, did not count out loud as instructed, and put his foot down prematurely at the end of the test. Based on all of these observations, Warden Miller concluded that the defendant was impaired, placed him under arrest and arranged for him to transported to take a blood alcohol test.

The defendant asserts that Warden Miller had no reason to conduct field sobriety tests, arguing that he did not have a reasonable arguable suspicion that the defendant was under the influence when he conducted the tests. Generally, in order to conduct field sobriety tests in an operating under the influence context, an officer must have an articulable suspicion, objectively reasonable in light of all the circumstances, that the defendant has been operating while under the influence.[1] *State v. Wood, 1995 ME 165, 662 A.2d 919.* Defendant agrees that the initial stop due to the absence of required running lights was appropriate, as was the warden's request to see life jackets. Before conducting field sobriety tests in this case, Warden Miller had smelled the odor of intoxicating liquor coming from the defendant's breath, noticed that his eyes were watery and red and also noticed that the defendant had difficulty moving around in his boat. He was able to make these observations from a distance of a few feet and, at times, from a distance of two feet. Furthermore, the warden noticed that the defendant pointed in the wrong direction in trying to point toward his camp when asked where he was going, and when given a chance to point again, the defendant pointed in a

---

[1] It could be argued that because the warden entered the defendant's boat to conduct the tests, an act that is a greater intrusion than conducting the tests in a public location, probable cause was required to justify the entry. This has not been argued and the court has found no authority for the position. A warden's other options under these circumstances would be to invite the defendant onto the warden's boat, or go to a neutral site. Inviting the defendant onto the warden's boat as a matter of course is ill advised because of safety issues that could arise during the boarding process, and going to a neutral site in every situation could be impractical, present safety issues of its own, and could be considered to be as intrusive as entering the defendant's boat.

direction closer to his camp, but failed to point at it. Warden Miller also could have believed that the defendant was not telling the truth in saying he had not been drinking, because the defendant smelled of alcoholic beverage. Based on this information available to the warden, the court finds that it was objectively reasonable for him to suspect that the defendant had been operating a watercraft while under the influence.

Upon completion of the field sobriety tests, the court finds that Warden Miller had probable cause to arrest the defendant for operating a watercraft under the influence and to compel him to take a test to determine his blood alcohol content. This conclusion is based on the observations supporting articulable suspicion, the horizontal gaze nystagamous test clues, and the premature stop in completing the counting backwards test. The fact that the defendant successfully recited a portion of the alphabet as requested does not overcome the significance of the other test results and observations. Before completing the tests, warden Miller determined that he needed to be on dry land to administer the one-legged stand test acknowledging that it would not be fair to conduct a balance test on a boat in the lake. He had the defendant enter his boat and they went ashore and conducted this test in front of a camp. Although the surface conditions for the test were not ideal, conditions were not so deficient as to invalidate the results, especially when considers how poorly the defendant performed.[2] This result further confirmed the existence of probable cause.

---

[2] Again, it could be argued that being taken to the shore is a greater intrusion than experienced during the ordinary administration of field sobriety tests, and more than articulable suspicion is required to support the intrusion. Without indicating its agreement with the proposition, the court finds that information known by the officer by this time also satisfied a requirement of probable cause if that standard were imposed.

Based on the foregoing, the Court finds that Warden Miller had a reasonable articulable suspicion that the defendant was operating a watercraft while under the influence that justified having the defendant submit to field sobriety tests. Upon concluding the tests, the suspicion grew to the level of probable cause, supporting the defendant's arrest. The defendant's motion to suppress is DENIED.

The clerk is directed to incorporate this Order into the docket by reference.

January 23, 2009

William Anderson

Superior Court Justice

STATE OF MAINE

  vs

CHARLES CARPENTER
PO BOX 2233
SKOWHEGAN ME 04976

SUPERIOR COURT
SOMERSET, ss.
Docket No   SKOSC-CR-2008-00381

**DOCKET RECORD**

DOB: 04/06/1954
Attorney: PAUL SUMBERG                         State's Attorney: JAMES MITCHELL
       WRIGHT & MILLS PA
       263 WATER STREET
       PO BOX 9
       SKOWHEGAN ME 04976-0009
       RETAINED 07/08/2008

Filing Document: CRIMINAL COMPLAINT              Major Case Type: MISDEMEANOR (CLASS D,E)
Filing Date: 08/20/2008

## Charge(s)

1   OPERATE WATERCRAFT UNDER INFLUENCE OVER 21 07/05/2008 MADISON
    & .08%
Seq 10170 12    10701(1-A)(B)(2)    Class D
  MILLER          / WAR

## Docket Events:

09/19/2008 Charge(s): 1
       TRANSFER -  TRANSFER FOR JURY TRIAL EDI ON 09/19/2008 @ 18:01

       TRANSFERRED CASE: SENDING COURT CASEID SKODCCR200801265
       FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 08/20/2008

       Charge(s): 1
       HEARING -  ARRAIGNMENT SCHEDULED FOR 08/27/2008 @ 8:30

       NOTICE TO PARTIES/COUNSEL
       Charge(s): 1
       HEARING -  ARRAIGNMENT WAIVED ON 07/08/2008

       Party(s): CHARLES CARPENTER
       ATTORNEY -  RETAINED ENTERED ON 07/08/2008

       Attorney: PAUL SUMBERG
       Charge(s): 1
       PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 07/08/2008

       TRIAL -  BENCH SCHEDULED FOR 10/15/2008 @ 1:00

       NOTICE TO PARTIES/COUNSEL
       TRIAL -  BENCH NOTICE SENT ON 08/25/2008

       TRIAL -  BENCH JTR SENT ON 08/25/2008

09/19/2008 TRIAL -  BENCH NOT HELD ON 09/19/2008

MOTION - MOTION TO COMPEL FILED BY DEFENDANT ON 08/27/2008

HEARING - MOTION TO COMPEL SCHEDULED FOR 09/24/2008 @ 1:00

NOTICE TO PARTIES/COUNSEL
HEARING - MOTION TO COMPEL CONTINUED ON 09/09/2008

HEARING - MOTION TO COMPEL NOTICE SENT ON 08/29/2008

MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 09/03/2008

MOTION - MOTION TO CONTINUE GRANTED ON 09/08/2008
CHARLES C LAVERDIERE , JUDGE
COPY TO PARTIES/COUNSEL
HEARING - MOTION TO COMPEL SCHEDULED FOR 10/15/2008 @ 1:00

NOTICE TO PARTIES/COUNSEL
HEARING - MOTION TO COMPEL NOT HELD ON 09/19/2008

HEARING - MOTION TO COMPEL NOTICE SENT ON 09/09/2008

Charge(s): 1
TRANSFER - TRANSFER FOR JURY TRIAL REQUESTED ON 09/11/2008

MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 09/16/2008

MOTION TO SUPPRESS STATEMENTS, STOP, FIELD SOBRIETY TESTS AND INTOXILYZER RESULT.
Charge(s): 1
FINDING - TRANSFER FOR JURY TRIAL TRANSFERRED ON 09/19/2008

SKOSC
09/22/2008 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 11/05/2008 @ 8:30

NOTICE TO PARTIES/COUNSEL
09/22/2008 TRIAL - DOCKET CALL SCHEDULED FOR 12/04/2008 @ 9:00

09/22/2008 HEARING - MOTION TO COMPEL SCHEDULED FOR 11/05/2008 @ 8:30

NOTICE TO PARTIES/COUNSEL
11/05/2008 HEARING - MOTION TO SUPPRESS STATEMENT CONTINUED ON 11/05/2008

11/05/2008 HEARING - MOTION TO COMPEL CONTINUED ON 11/05/2008

11/05/2008 HEARING - MOTION TO COMPEL SCHEDULED FOR 12/03/2008 @ 8:30

NOTICE TO PARTIES/COUNSEL
11/05/2008 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 12/03/2008 @ 8:30

NOTICE TO PARTIES/COUNSEL
12/05/2008 TRIAL - DOCKET CALL CONTINUED ON 12/04/2008
WILLIAM R ANDERSON , JUSTICE
12/05/2008 TRIAL - DOCKET CALL SCHEDULED FOR 02/02/2009 @ 9:30

12/18/2008 HEARING - MOTION TO SUPPRESS STATEMENT CONTINUED ON 12/03/2008


12/18/2008 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 12/23/2008 @ 8:30

      NOTICE  TO PARTIES/COUNSEL
12/24/2008 HEARING - MOTION TO SUPPRESS STATEMENT HELD ON 12/23/2008
      WILLIAM R ANDERSON , JUSTICE
      Attorney: PAUL SUMBERG
      DA: NEIL MCLEAN
      Defendant Present in Court


      ER TAPE #284, INDEX 537 - 7556 AND TAPE #289, INDEX 56 - 1152
                            ARGUMENT HAD. DEF'S EXHS 2, 3,
      & 10, AWO. DEF'S EXHS 5A THRU 5G, OFFERED, OBJECTED TO, NOT ADMITTED. DEF'S EXH 5A THRU
      5G, RE-OFFERED, OBJECTED TO, AOO.  ST AND DEF BOTH CLOSE.  MATTER TAKEN UNDER ADVISEMENT.
01/28/2009 MOTION - MOTION TO SUPPRESS STATEMENT DENIED ON 01/23/2009
      WILLIAM R ANDERSON , JUSTICE
      COPY TO PARTIES/COUNSEL
01/28/2009 ORDER - COURT ORDER FILED ON 01/28/2009
      WILLIAM R ANDERSON , JUSTICE
      ORDER - RE MOTION TO SUPPRESS HELD 12/23/2008
02/02/2009 HEARING - MOTION TO COMPEL NOT HELD ON 12/03/2008


02/02/2009 HEARING - MOTION TO COMPEL SCHEDULED FOR 05/06/2009 @ 8:30

      NOTICE  TO PARTIES/COUNSEL
02/02/2009 TRIAL - DOCKET CALL CONTINUED ON 02/02/2009
      JOSEPH M JABAR , JUSTICE
      Attorney: PAUL SUMBERG
      DA: BRENT DAVIS
      ELECTRONIC RECORDING TAPE #296
02/02/2009 TRIAL - DOCKET CALL SCHEDULED FOR 05/04/2009 @ 8:30


A TRUE COPY
ATTEST: _____ _____
                Clerk