2009 ME 14

**STATE of Maine**

v.

**Aimee E. KING.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Jan. 22, 2009.

Decided: Feb. 10, 2009.

William B. Entwisle, Asst. Dist. Atty., Prosecutorial District No. VII, Ellsworth, ME, for the State of Maine.

Wayne R. Foote, Esq., Law Offices of Wayne R. Foote, P.A., Bangor, ME, for Aimee E. King.

Panel: CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

LEVY, J.

[¶ 1] The State appeals from a judgment entered in the Superior Court (Hancock County, *Marden, J.*) granting King's motion to suppress all evidence obtained from field sobriety tests conducted following the stop of her vehicle. The State contends that King's response to the officer's questions, coupled with the smell of alcohol on her breath, supported a reasonable, articulable suspicion that she was operating a motor vehicle while under the influence of intoxicants. Because we agree, we vacate the suppression order and remand for further proceedings.

## I.  BACKGROUND

[¶ 2] On October 21, 2007, at approximately 1:20 a.m., David Winchester, a Bucksport patrol officer, observed a vehicle drive by him with the muffler dragging. Winchester stopped the vehicle and, while speaking with the driver, Aimee E. King, smelled an alcoholic odor coming from her mouth and saw some "beer bottles or cans" in the vehicle. Winchester asked King if she had any alcohol that evening, and she responded that she had consumed five beers while at band practice "not too long ago," but that she did not feel impaired. Winchester asked her to describe on a scale of one to ten the effects of the alcohol she had consumed, and King said, "a three." There was no other evidence of "impairment in [her] appearance[,] . . . the manner in which she drove[,] or her body functions." The officer then administered field sobriety tests.

[¶ 3] King moved to suppress all of the evidence obtained as a result of the field sobriety testing, and a hearing was held in which Winchester, the sole witness, testified to the events of the night. The court granted the motion, finding that there had to be "some evidence not relating necessarily to consumption but relating to impairment" to establish a reasonable, articulable suspicion that would justify field sobriety testing.

[¶ 4] The State filed a request for findings of fact and conclusions of law and for clarification of what evidence was to be suppressed, and the court issued additional findings and conclusions. The State filed this appeal after it received leave from the Attorney General pursuant to 15 M.R.S. § 2115–A(5) (2008) and M.R.App. P. 21(b).

## II.  DISCUSSION

[¶ 5] The State argues that the officer had a reasonable, articulable suspicion that King might be impaired based on his initial observations of the smell of alcohol from King's mouth and King's admission that she had consumed five beers at band practice, as well as King's description of herself as a three when asked to rate how she felt on a scale of one to ten. King contends that we should defer to the Superior Court's ultimate determination because there is competent evidence to support it and because there was nothing about King's "driving, demeanor, or mental and physical faculties that suggested impairment." Further, she argues that the scale test was an unreliable tool and provided no real information, and that she was just being honest when she admitted to having consumed five beers over what she characterizes as a "long period of time."

[¶ 6] An officer may undertake field sobriety testing, "like any other in-

vestigatory stop, ... if at the time ... the officer has an articulable suspicion, objectively reasonable in light of all the circumstances, that the object of the search has committed or is about to commit a crime." *State v. Wood,* 662 A.2d 919, 920 (Me. 1995). A court's factual determination of an officer's subjective suspicion of operating under the influence and the facts upon which that suspicion is based are factual findings reviewed for clear error, while the determination of whether the suspicion was objectively reasonable is a legal conclusion that we review de novo. *See State v. Sylvain,* 2003 ME 5, ¶¶ 8–11, 814 A.2d 984, 986–87. In general, "[t]he only requirement we have imposed on the reasonable articulable suspicion standard is that an officer's suspicion be more than mere speculation or an unsubstantiated hunch." *State v. Porter,* 2008 ME 175, ¶ 11, 960 A.2d 321, 323.

[¶ 7] In granting suppression in this case, the Superior Court emphasized the distinction between evidence of *impairment* and evidence of *consumption,* and differentiated the factors presented in this case from other cases involving "symptomatic manifestations" such as bloodshot eyes. To support its conclusion that the evidence was not sufficient, the court cited *State v. Nelson,* 638 A.2d 720, 721–22 (Me. 1994), in which we concluded that an officer who observed a driver consume a single, sixteen-ounce can of beer over the course of an hour, but who did not observe any other evidence of impairment, did not have an objectively reasonable, articulable suspicion.

[¶ 8] In *Sylvain,* 2003 ME 5, ¶¶ 16–18, 814 A.2d at 988–89 (2003), we clarified that *Nelson* does not stand for the proposition that something more than a motorist's mere admission that he or she consumed alcohol is required for a reasonable suspicion. On the contrary, we reaffirmed that

an officer does not need objective evidence of the impairment itself; rather, the officer "need only entertain a reasonable suspicion that impairment may exist." *Id.; see also State v. Eastman,* 1997 ME 39, ¶ 9, 691 A.2d 179, 182 ("[R]easonable basis for suspicion of being under the influence can exist independently of any evidence of actual impairment." (citing *Wood,* 662 A.2d at 920–21)). We concluded in *Sylvain* that there was an objectively reasonable, articulable suspicion that the defendant in that case might be impaired because the officer, having stopped the vehicle for operating with a headlight out, observed that the defendant's eyes were bloodshot and the defendant admitted to having consumed two beers. 2003 ME 5, ¶ 18, 814 A.2d at 989.

[¶ 9] In this case, the court's findings establish a reasonable, articulable suspicion that King had committed the crime of operating under the influence. The court found that the officer saw the vehicle drive by with its muffler dragging at 1:20 in the morning; King admitted to drinking five beers during band practice "not too long ago"; the officer smelled an odor of alcohol from King and observed beer bottles or cans in the vehicle; and, although King stated that she was not impaired, she described herself as a "three," where "one" meant total sobriety. These findings establish, as a matter of law, an objectively reasonable suspicion that King might have been impaired.

The entry is:

The suppression order is vacated and the case is remanded for further proceedings consistent with this opinion.