STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE          )
                        )
v.                      )
                        )
JOSHUA W. LOCKLIN       )
                        )
        Defendant       )

UNIFIED CRIMINAL DOCKET
PORTLAND
Docket No. CR-11-5518
EMK -CUM- 12/12/2011

ORDER ON DEFENDANT'S MOTION
TO SUPPRESS EVIDENCE

This matter came before the court on December 8, 2011 for hearing on Defendant's motion to suppress, dated October 20, 2011. Defendant appeared with his attorney, James Boulos. Assistant District Attorney Cannon represented the State.

Defendant is charged with operating under the influence on July 6, 2011. The motion asserts that the arresting officer lacked reasonable articulable suspicion to administer field sobriety tests, that there was no probable cause for the arrest, that Defendant's *Miranda* rights were violated, and that his statements were involuntarily made. Defendant did not pursue his *Miranda* or coerced-confession challenges at the hearing.

The pertinent facts are as follows: At 11:05 p.m. on July 6, 2011, Officer Andrew Feeney reported to the scene of an accident on Route 113 in Baldwin. Firefighters were already on-site. Officer Feeney observed two vehicles with significant damage. After striking a vehicle that had been traveling in the opposite direction, Defendant's vehicle had gone down an embankment and struck a telephone pole. Defendant sustained a facial injury during the crash. The telephone pole was knocked down, leaving wires strewn across on the ground. When Officer Feeney approached Defendant, he observed that Defendant's eyes were red and glassy, and that Defendant smelled of alcohol. Defendant told Officer Feeney that he had had been texting while driving when the accident occurred. Defendant also told Officer Feeney that he had consumed two beers before the accident, adding with a joking laugh that he had had one additional beer since the crash, a statement that he immediately retracted. Asked to indicate his level of intoxication on a scale of 1-10, Defendant reported that he was a "level 3." At one point, Officer Feeney observed Defendant walking near the downed wires, adding to Officer Feeney's suspicion of impairment, although the officer acknowledged at hearing that he had not detected any slurred speech or impaired gross or fine motor skills.

Officer Feeney then administered a series of field sobriety tests. On the so-called numbers test, Defendant counted properly. On the alphabet test, Defendant omitted the letter "P." The results of the Horizontal Gaze Nystagmus ["HGN"] test were not ambiguous, however, as the test revealed six indicia of intoxication. Further field sobriety tests were not administered because of Office Feeney's concern about Defendant's health, and because the roadside conditions were not conducive to further testing.

The standard in such cases is well-established: An officer may undertake field sobriety testing "if at the time the officer has an articulable suspicion, objectively reasonable in light of all the circumstances, that the object of the search has committed or is about to commit a crime." *State v. King*, 2009 ME 14, ¶ 6, 965 A.2d 52, 54 (citing *State v. Wood*, 662 A.2d 919, 920 (Me. 1995)). For there to be probable cause to arrest someone for operating under the influence, an officer "must have probable cause to believe that the person's senses are affected to the slightest degree, or to any extent, by the alcohol that person has had to drink." *State v. Webster*, 2000 ME 115, ¶ 7, 754 A.2d 976, 978.

The court finds that Officer Feeney had reasonable articulable suspicion for administering the field sobriety tests. Not only did Defendant admit to drinking beer before driving, but Officer Feeney observed symptomatic manifestations of such consumption, such as bloodshot eyes and the smell of alcohol, as well as evidence of impaired conduct, such as the accident itself and Defendant's behavior around the downed telephone wires. Defendant's argument that the accident may not be treated as an index of intoxication because it happened while he was texting is without merit. Officer Feeney was at liberty to arrive at a different conclusion as to the proximate cause of the accident.

With respect to probable cause, Defendant urges the court to disregard the findings on the HGN test on the ground that at hearing Officer Feeney failed to elaborate regarding the test's "six clues" and their significance. The court is not persuaded by Defendant's argument, and finds that the circumstances of the arrest as well as Officer Feeney's testimony regarding the indicia of intoxication revealed by the HGN test was more than sufficient to establish probable cause. Officer Feeney's observations -- the fact of the accident itself, Defendant's red and glassy eyes, the smell of alcohol, Defendant's admission about having drank two beers, his own assessment as to his level of intoxication and his inappropriate joke about post-accident drinking --independent of the HGN test and corroborated by that test, are more than sufficient to provide probable cause for believing that Defendant's senses had been "affected to the slightest degree, or to any extent" by alcohol.

Accordingly, because none of Defendant's grounds for suppression have merit, Defendant's motion to suppress is denied in its entirety.

DATED: 12/12/11

E. Mary Kelly
Judge, Unified Criminal Docket

2