STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.                         Docket No. CR-11-6022
                                        EMK - cum - 12/15/2011

STATE OF MAINE            )
                          )
v.                        )             ORDER ON MOTION TO SUPPRESS
                          )
JACOB WYSOCKI             )
                          )
        Defendant         )

     This matter came before the court on December 13, 2011 for hearing on Defendant's motion to suppress, dated October 3, 2011. Defendant appeared with his attorney, David Weyrens. Assistant District Attorney Matthew Tice represented the State.

     Defendant is charged with operating under the influence on September 4, 2011. He seeks suppression of evidence on the ground that he was unconstitutionally stopped by University Police Officer Russell Swan, and on the ground that his Fourth Amendment rights were violated when he was subsequently instructed to exit his vehicle.

     The pertinent facts are as follows: At approximately 1:00 a.m. on September 4, 2011, Officer Swan was locking up Russell Hall on the University of Southern Maine's Gorham campus. He saw a group of people walking across an adjacent parking lot. They were "yelling and hollering," making a lot of noise. He followed the group on foot as they proceeded across a field hockey field and into another parking lot adjacent to a residence hall. Although vehicles are required to vacate that commuter lot by 11:00 p.m., one vehicle remained in the lot. Officer Swan observed the group approach that sole vehicle, heard the slamming of car doors, and saw a male, swearing and appearing upset, depart from the group and walk off. The car started up, made a large u-turn so that the vehicle was driving toward Officer Swan, and proceeded toward the parking lot exit. At that time, standing near the exit but not blocking it, Officer Swan, still on foot and wearing a dark uniform with no reflectors, used his flashlight to illuminate his position. Officer Swan testified that his intention in doing so was to advise the driver of his whereabouts so that he would not be hit. He testified that he was not trying to flag the driver down and did not intend that the driver stop. Had the vehicle proceeded out the exit without stopping, he would have made a note of its license plate number.

     The vehicle did not, however, proceed out the exit, but instead pulled up alongside Officer Swan. Defendant was driving. His window was down when he pulled over. Officer Swan approached the vehicle and asked Defendant why he and his friends had been making so much noise. Defendant denied that the group had been loud. Officer Swan detected the odor of alcohol coming from the vehicle. Officer Swan testified that the smell of alcohol became stronger when he talked to Defendant. At that point Officer Swan asked Defendant to step out of the vehicle. Trainee Officer Abbott was called to the scene. Defendant was administered field sobriety tests, including the Horizontal Gaze Nystagmus ["HGN"] test, which revealed six indicia of intoxication.

Although stopping short of a concession, in arguing against Defendant's Motion to Suppress, the State does not contend that Officer Swan had reasonable articulable suspicion to pull Defendant's vehicle over; rather, the State argues that the reasonable articulable standard is inapposite because no "stop" occurred.

As the Law Court has explained:

> An encounter between a police officer and a citizen implicates the Fourth Amendment only if the officer "seizes" the citizen. A seizure of the person occurs when "the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen such that he is not free to walk away. Determining whether a Fourth Amendment seizure has occurred requires an objective analysis, and a law enforcement officer's uncommunicated, subjective intent to detain a citizen is not relevant to determining whether a seizure has occurred.

*State of Maine v. Cilley*, 1998 ME 34, ¶ 7, 707 A.2 79, 82 (citations omitted). *See also State v. Patterson*, 2005 ME 26, ¶ 10, 868 A.2d 188, 191 ("A seizure occurs when an officer, by show of authority, in some way restrains a citizen such that 'he is not free to walk away'") (citation omitted). Thus, in determining whether a "seizure" has occurred for Fourth Amendment purposes, the operative question is whether "the officer's conduct is accompanied by actions that lead a reasonable person to believe that he is not free to leave." *State v. Brewer*, 1999 ME 58, ¶ 12, 727 A.2d 352, 355.

In *Brewer*, two undercover MDEA agents approached Defendant's parked car while holding up their MDEA badges, one approaching the driver's side and the other the passenger's side. Overruling the trial court's ruling that a "seizure" had occurred, the Law Court reasoned that "[d]isplaying the badges was necessary for the undercover agents' protection, and it is not a sufficient 'show of authority' to implicate the Fourth Amendment any more than a police uniform or a badges pinned to an undercover agent's shirt would be a 'show of authority.'" *Id.* ¶ 13, 727 A.2d at 355-56.

The court finds that *Brewer* controls here. As stated in *Brewer*:

> [A]n officer seizes an individual when the officer positions the police car so as to prevent any movement of the individuals' vehicle, or asks an individual for identification, including license and registration. We have also stated that a seizure could occur if an officer signaled or gestured for a motorist to stop his or her vehicle, orally instructed a motorist to stop his or her vehicle displayed a weapon, or activated the vehicle's police lights. Similarly, the United States Supreme Court has cited ... the threatening presence of several officer's, an officer's physical touching of a citizen, or the use of language or tone of voice that would indicate that compliance with the officer's request might be compelled.

2

*Id.* ¶ 12, 727 A.2d at 355 (citations omitted) (applying analysis in concluding that no seizure occurred under the circumstances).

Defendant points to Officer Swan's use of the flashlight, his position near the parking lot exit, and the fact that he was in uniform in arguing that a seizure occurred. The court finds, however, that Officer Swan was not positioned in such a way as to block Defendant's vehicle. He was on foot, without a police car, standing adjacent to the exit as opposed to blocking it. Likewise, despite Defendant's suggestion otherwise, the court finds that Officer Swan neither signaled nor gestured with his flashlight. The court finds credible Officer Swan's testimony that he had turned the flashlight on in order to illuminate his position, and that the beam was directed at the roadway. Although Defendant argues that a reasonable driver would have believed that he was being flagged down, there is no evidence in the record that the Officer waved or otherwise gestured with the flashlight, and the court declines to find that the Officer's use of the flashlight here constitutes a "show of authority" sufficient to render the encounter a seizure for Fourth Amendment purposes. Nor does the fact that Officer Swan was in uniform advance Defendant's argument, as *Brewer* noted that the mere wearing of a police uniform does not provide the requisite "show of authority." *Id.* ¶ 13, 727 A.2d at 355 (displaying badge not a show of authority any more than a police uniform would be).

The question of whether Defendant's Fourth Amendment rights were violated when he was asked to exit the vehicle is a closer question. Applying the reasonable articulable standard as it has developed through the case-law, the court finds that under the totality of the circumstances there was a sufficient basis for a law enforcement officer to have a reasonable and articulable suspicion that Defendant was operating under the influence. *See, e.g., State v. Porter*, 2008 ME 175, ¶ 9, 960 A.2d 321, 323 ("reasonable articulable suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence. The suspicion need only be more than speculation or an unsubstantiated hunch"). While talking to Defendant through the vehicle's open window, Officer Swan detected the odor of alcohol. He testified that as he spoke with Defendant the smell of alcohol became stronger. Under the totality of the circumstances, which include the lateness of the hour and the group's rowdy behavior, coupled with the odor of alcohol on Defendant's breath, Officer Swan possessed more than "mere suspicion or an unsubstantiated hunch" that Defendant was under the influence of alcohol. While in *State v. King*, , 2009 ME 14, 965 A.2d 52, the odor of alcohol was coupled with Defendant's admissions of drinking, where an officer detects the odor of alcohol on the breath of a driver, reasonable articulable suspicion does not require that the driver admit to drinking. *See, e.g., State v. Warren*, 2008 ME 154, ¶ 10, 957 A.2d 63, 67 (after officer learned that Defendant had been the sole operator of the vehicle, smelled a strong odor of alcohol, and heard Defendant deny that had been drinking, officer "then had reasonable suspicion that [Defendant] had been operating the vehicle under the influence, and consistent with recognized practices in these circumstances, asked [Defendant] to get out of the vehicle and perform field sobriety tests). *See also State v. Cowie*, 2009 ME. Super. LEXIS 71 (finding that officer had reasonable articulable suspicion of impaired driving when he told Defendant to exit his vehicle after detecting odor of intoxicants coming from the vehicle).

3

Accordingly, having considered the evidence in light of the governing standards, because the court finds that Defendant's vehicle was not unconstitutionally stopped, and that Defendant's Fourth Amendment rights were not violated when he was asked to exit the vehicle, it is hereby ORDERED that Defendant's Motion to Suppress is DENIED.

DATED: ___12|15|2011___

E. Mary Kelly
Judge, Unified Criminal Docket

4

STATE OF MAINE
    vs
JACOB W WYSOCKI                                    Docket No  CUMCD-CR-2011-06022
132 MARGINAL WAY UNIT 110B
PORTLAND ME 04103                                  **DOCKET RECORD**

DOB: 04/06/1992
Attorney: MICHAEL WHIPPLE                  State's Attorney: STEPHANIE ANDERSON
          THE HALLETT LAW FIRM
          75 MARKET STREET SUITE 502
          PO BOX 7508
          PORTLAND ME 04112
          RETAINED 10/04/2011

## Charge(s)

1   OPERATING UNDER THE INFLUENCE           09/04/2011 GORHAM
Seq 11493 29-A  2411(1-A)(A)        Class D
    SWANN              / USM

2   OPERATING UNDER THE INFLUENCE           09/04/2011 GORHAM
Seq 11493 29-A  2411(1-A)(A)        Class D  Charged with COMPLAINT on Suppleme
    SWANN              / USM

## Docket Events:

09/16/2011 FILING DOCUMENT -  NON CASH BAIL BOND FILED ON 09/07/2011

09/16/2011 Charge(s): 1
           HEARING -  ARRAIGNMENT SCHEDULED FOR 10/11/2011 at 08:30 a.m. in Room No.  1

           NOTICE TO PARTIES/COUNSEL
09/16/2011 BAIL BOND - $2,500.00 UNSECURED BAIL BOND FILED ON 09/07/2011

           Bail Amt:  $2,500
           Date Bailed: 09/04/2011
           682
10/06/2011 Party(s):  JACOB W WYSOCKI
           ATTORNEY -  RETAINED ENTERED ON 10/04/2011

           Attorney:  MICHAEL WHIPPLE
10/11/2011 Charge(s): 1,2
           SUPPLEMENTAL FILING -  COMPLAINT FILED ON 10/07/2011
           JAMES  TURCOTTE , ASSISTANT CLERK
10/11/2011 Charge(s): 1
           HEARING -  ARRAIGNMENT WAIVED ON 10/11/2011 at 08:30 a.m. in Room No.  1

10/11/2011 Charge(s): 1,2
           PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 10/11/2011 at 08:30 a.m. in Room No.  1

10/11/2011 Charge(s): 1,2
           HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 12/08/2011 at 01:00 p.m. in Room No.  7

10/11/2011 Charge(s): 1,2
           TRIAL -  JURY TRIAL SCHEDULED FOR 01/23/2012 at 08:30 a.m. in Room No.  11
               CR_200              Page  1  of 2              Printed on: 12/16/2011

NOTICE TO PARTIES/COUNSEL

11/28/2011 Charge(s): 1,2
HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 11/28/2011

12/08/2011 Charge(s): 1,2
HEARING - DISPOSITIONAL CONFERENCE HELD ON 12/08/2011
PAUL E EGGERT , JUDGE
Attorney: MICHAEL WHIPPLE
DA: MATTHEW TICE
HELD - NO AGREEMENT   JS  1-23-12 @ 8:30

12/08/2011 Charge(s): 1,2
MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 12/08/2011

12/08/2011 Charge(s): 1,2
HEARING - MOTION TO SUPPRESS SCHEDULED FOR 12/13/2011 at 01:00 p.m. in Room No.  8

NOTICE  TO PARTIES/COUNSEL

12/13/2011 Charge(s): 1,2
HEARING - MOTION TO SUPPRESS HELD ON 12/13/2011
MARY  KELLY , JUDGE
Attorney: DAVID WEYRENS
DA: MATTHEW TICE
Defendant Present in Court

TAPE# 3422 INDEX 5500-7225. TAPE# 3426 INDEX 25-325                    STATE WITNESS
(1) OFFICER RUSSELL SWANN-USM                          DEFENSE EXHIBITS (1) USM
RESIDENCE HALL POLICIES (2) USM CAMPUS MAP

12/13/2011 Charge(s): 1,2
MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 12/13/2011
MARY  KELLY , JUDGE

12/16/2011 Charge(s): 1,2
MOTION - MOTION TO SUPPRESS DENIED ON 12/16/2011
MARY  KELLY , JUDGE
COPY TO PARTIES/COUNSEL

12/16/2011 ORDER - COURT ORDER FILED ON 12/13/2011
MARY  KELLY , JUDGE
ORDER ON MOTION TO SUPPRESS

A TRUE COPY
ATTEST:  _____
                        Clerk