STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.                              No. CR-14-8181

STATE OF MAINE

v.                                              ORDER

JOSEPH SAVINO,

      Defendant

Before the court is a motion to suppress filed by defendant Joseph Savino. Mr. Savino disputes that Officer Brown had reasonable articulable suspicion to detain him for field sobriety tests.

A hearing was held on April 9, 2015, and the court finds as follows:

On December 13, 2014 at 2 am Officer Brown was driving east on Main Street in Gorham when a vehicle driven by defendant Joseph Savino passed him going in the opposite direction. Brown saw Savino's vehicle accelerate very quickly and clocked it on radar as moving at 55 miles per hour in a 40 mile per hour zone. Brown turned around and tried to catch Savino's vehicle, which stopped suddenly in the center of the road then pulled off to the right. At that point the right passenger door opened and it was only at that point that Savino activated his right turn signal.

Brown approached the vehicle. Savino was in the driver's seat, another male was in the right front passenger seat, and a female was sitting behind them. When the officer asked Savino why he was hurrying, Savino answered that his passenger was about to vomit.

2015 APR 17 AM 11 03

CLERK'S OFFICE
CUMBERLAND, SS
STATE OF MAINE

064230

Brown detected the odor of intoxicants coming from the vehicle, but it was not possible to determine where that was coming from. Savino told the officer that he had had one beer two hours previously.

At that point, Brown conducted a partial HGN test while Savino remained seated in the driver's seat and observed a lack of smooth pursuit. At that point Brown asked Savino to exit the vehicle and undergo field sobriety tests.

Discussion

Savino points out that an investigatory detention should last no longer than is necessary to effectuate the purpose of the stop. *United States v. Sharpe*, 470 U.S. 675, 684 (1985). If Officer Brown's interaction with Savino once Savino's vehicle had stopped did not give rise to a sufficient basis to detain Savino further, the motion to suppress should be granted. The State therefore has the burden of demonstrating that by the time Brown asked Savino to get out of his vehicle to perform field sobriety tests, Brown had a reasonable articulable suspicion of impairment sufficient to detain Savino for field sobriety tests.

Savino contends that the partial HGN test should not be admissible, arguing that a partial test that is administered to a seated driver does not meet the requirement that the test be "properly administered." *State v. Taylor*, 1997 ME 81 ¶ 12, 694 A.2d 907. The court agrees that the partial test conducted while Savino was in the vehicle would not be admissible as evidence of impairment at trial. However, it is being offered for a different purpose here – as evidence of a reasonable articulable suspicion that further investigation was appropriate. The Law Court expressly found that a partial HGN test administered while the driver remained seated in the car was one of the factors that

2

constituted a reasonable basis for suspicion in *State v. Wood*, 662 A.2d 919, 920-21 (Me. 1995).

Moreover, although this would be a considerably closer case without the partial HGN result, the court finds that the speeding by Savino's vehicle, the odor of intoxicants from within the automobile, the operation of the vehicle during the early hours of the morning, Savino's admission that he had consumed alcohol, and the indication that Savino's passenger thought he needed to vomit would independently be sufficient to generate reasonable articulable suspicion justifying field sobriety tests. *See State v. McPartland*, 2012 ME 12 ¶ 15, 36 A.3d 881; *State v. Sylvain*, 2003 ME 5 ¶ 18, 814 A.2d 984.

Savino points to the fact that Brown testified that he believed Savino when Savino explained that he had stopped the car because he thought his passenger was about to vomit. Although Brown believed Savino, this does not dispel the fact that Brown had a reasonable articulable suspicion justifying his decision to further detain Savino for field sobriety tests.

The defendant's motion to suppress is denied.

Dated: April 17, 2015

Thomas D. Warren
Justice, Superior Court

3

STATE OF MAINE
vs
JOSEPH J SAVINO
11 MERCIER WAY
GORHAM ME 04038

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No    CUMCD-CR-2014-08181

**DOCKET RECORD**

DOB: 07/28/1992
Attorney:    MATTHEW NICHOLS                        State's Attorney:    STEPHANIE ANDERSON
             NICHOLS & WEBB PA
             1250 FOREST AVE UNIT 10
             PORTLAND ME 04103
             RETAINED 01/02/2015

**Charge(s)**

1    OUI (ALCOHOL)                                                    12/13/2014    GORHAM
Seq 12942          29-A   2411(1-A)(A)          Class D
BROWN                                    /    GOR

**Docket Events:**

12/15/2014  FILING DOCUMENT - NON CASH BAIL BOND FILED ON 12/15/2014


12/15/2014  Charge(s):  1
            HEARING - ARRAIGNMENT SCHEDULED FOR 01/14/2015 at 08:30 a.m. in Room No. 1


            NOTICE TO PARTIES/COUNSEL
12/15/2014  BAIL BOND - $3,500.00 UNSECURED BAIL BOND FILED ON 12/15/2014


            Bail Amt:   $3,500
            Date Bailed:   12/13/2014
            1069
12/29/2014  Charge(s):  1
            SUPPLEMENTAL FILING - COMPLAINT FILED ON 12/29/2014


01/06/2015  Party(s):    JOSEPH J SAVINO
            ATTORNEY - RETAINED ENTERED ON 01/02/2015


            Attorney: MATTHEW NICHOLS
01/15/2015  Charge(s):  1
            HEARING - ARRAIGNMENT WAIVED ON 01/14/2015


            Attorney: MATTHEW NICHOLS
01/15/2015  Charge(s):  1
            PLEA - NOT GUILTY ENTERED BY COUNSEL ON 01/14/2015


            Attorney: MATTHEW NICHOLS
01/15/2015  Charge(s):  1
            HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 03/24/2015 at 10:00 a.m. in Room No. 7


01/15/2015  Charge(s):  1
            TRIAL - JURY TRIAL SCHEDULED FOR 04/27/2015 at 08:30 a.m. in Room No. 11


            NOTICE TO PARTIES/COUNSEL
02/09/2015  LETTER - FROM PARTY FILED ON 02/09/2015


            Attorney: MATTHEW NICHOLS
            REQUEST FOR DEFENDANT TO BE EXCUSED FROM DISPO ON 3-24-15. ADA BARRY DOES NOT OBJECT.
            DEFENDANT EXCUSED FROM ATTENDING DISPO CONFERENCE - PER JUSTICE MILLS 2-11-15
03/11/2015  Charge(s):  1

HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 03/11/2015

03/24/2015 Charge(s): 1
HEARING - DISPOSITIONAL CONFERENCE NOT HELD ON 03/24/2015
JOYCE A WHEELER , JUSTICE
Attorney: MATTHEW NICHOLS
DA: WILLIAM BARRY
CONTINUE TO MOTIONS. WILL MOST LIKELY BE A PLEA.
03/24/2015 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 03/24/2015

03/24/2015 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 04/09/2015 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
04/09/2015 HEARING - MOTION TO SUPPRESS EVIDENCE HELD ON 04/09/2015
THOMAS D WARREN , JUSTICE
Attorney: MATTHEW NICHOLS
DA: WILLIAM BARRY
Defendant Present in Court
STATE CALLS OFFICER MICHAEL BROWN. AFTER CROSS EXAMINATIONS; STATE RESTS. DEFENSE RESTS.
STATE ARGUMENTS MADE. DEFENSE ARGUMENTS MADE. STATE TO PROVIDE MEMORANDUM OF LAW BY
MONDAY. J WARREN TAKES MOTION UNDER ADVISEMENT.
04/21/2015 MOTION - MOTION TO SUPPRESS EVIDENCE DENIED ON 04/17/2015
THOMAS D WARREN , JUSTICE
COPY TO PARTIES/COUNSEL
04/21/2015 ORDER - COURT ORDER FILED ON 04/17/2015
THOMAS D WARREN , JUSTICE
SAVINO POINTS TO THE FACT THAT BROWN TESTIFIED THAT HE BELIEVES SAVINO WHEN SAVINO EXPLAINED
THAT HE HAD STOPPED THE CAR BECAUSE HE THOUGHT HIS PASSENGER WAS ABOUT TO VOMIT. ALTHOUGH
BROWN BELIEVED SAVINO, THIS DOES NOT DISPEL THE FACT THAT BROWN HAD REASONABLE ARTICUBLE
SUSPICION JUSTIFYING HIS DECISION TO FURTHER DETAIN SAVINO FOR FIELD SOBRIETY TESTS. THE
DEFENDANT'S MOTION TO SUPPRESS IS DENIED.

A TRUE COPY
ATTEST: _____
Clerk