STATE OF MAINE
CUMBERLAND, ss.

UNIFIED CRIMINAL DOCKET
PORTLAND
Docket No. CR-19-1762

STATE OF MAINE )
)
v. )
)
MICHAEL THOMPSON )
)
Defendant )

ORDER ON DEFENDANT'S MOTION
TO SUPPRESS EVIDENCE

This matter came before the court on October 31, 2019 for hearing on Defendant's motion to suppress, filed October 4, 2019. Defendant appeared with his attorney, Michael Whipple. Assistant District William Barry represented the State. The court heard testimony from Officer Jeffrey Edwards of the South Portland Police Department, and viewed a video recording of Defendant's stop and field sobriety testing.

Defendant is charged with criminal operating under the influence and criminal speeding. He contends that suppression is warranted on the ground that the arresting officer lacked reasonable articulable suspicion to stop his vehicle and to administer field sobriety tests and lacked probable cause to arrest him.

The court finds that Officer Edwards stopped Defendant's vehicle after the officer's radar equipment detected that Defendant was driving 66 miles per hour in a 35 mile-per-hour zone. When Officer Edwards approached the vehicle, he observed that Defendant's eyes were bloodshot and watery, and that his speech was slurred. Officer Edwards then administered a series field sobriety tests. On the so-called walk-and-turn and one-leg-stand tests, Defendant had difficulty following Officer Edwards' instructions. The Horizontal Gaze Nystagmus ["HGN"] test revealed six indicia of intoxication.

The standard in such cases is well-established: An officer may undertake field sobriety testing "if at the time the officer has an articulable suspicion, objectively reasonable in light of all the circumstances, that the object of the search has committed or is about to commit a crime." *State v. King*, 2009 ME 14, ¶ 6, 965 A.2d 52, 54 (citing *State v. Wood*, 662 A.2d 919, 920 (Me. 1995)). For there to be probable cause to arrest someone for operating under the influence, an officer "must have probable cause to believe that the person's senses are affected to the slightest degree, or to

REC'D CUMB CLERKS OFC
NOV 21 '19 PM 1:09

any extent, by the alcohol that person has had to drink." *State v. Webster*, 2000 ME 115, ¶ 7, 754 A.2d 976, 978.

The court finds that Officer Edwards had reasonable articulable suspicion for stopping Defendant's vehicle and for administering the field sobriety tests. Officer Edwards stopped Defendant's vehicle after the officer's radar equipment showed Defendant to be traveling well above the speed limit, and when he approached the vehicle he observed that Defendant's eyes were bloodshot and watery and that he was slurring his words. Officer Edwards had probable cause to arrest Defendant for criminal speeding as well as for criminal OUI.

Accordingly, because none of Defendant's grounds for suppression has merit, Defendant's Motion to Suppress is DENIED.

DATED: 11/21/19

Maria Woodman
Judge, Unified Criminal Docket