STATE OF MAINE
CUMBERLAND, ss.

RECD CUMB CLERKS
JAN 13 '20 PM4:15

UNIFIED CRIMINAL COURT
PORTLAND
Docket No. CDCR-19-2585

STATE OF MAINE      )
                )
v.                       )      ORDER ON DEFENDANT'S
                )      MOTION TO SUPPRESS
                )
SCOTT TOLMAN     )
      Defendant     )

A hearing was held on Defendant's Motion to Suppress on December 20, 2019. Assistant District Attorney Grant Whelan appeared and argued on behalf of the State and Attorney Adam Sherman appeared and argued on behalf of Defendant. Defendant was not present. The court heard testimony from Maine State Trooper David Lamieux, referred to herein as Officer Lamieux since at the time of Defendant's arrest he was an officer with the Portland Police Department, and reviewed video footage from the camera in Officer Lemieux's cruiser.

Attorney Sherman informed the court at the onset of the hearing that Defendant was seeking suppression of evidence on the ground that the field sobriety testing was conducted without the requisite reasonable articulable suspicion, and on the ground that Defendant's arrest and the administration of the breathalyzer were made without the requisite probable cause.

The court finds the following facts: On or about May 19, 2019, just before 7:00 p.m., Officer Lamieux observed a Subaru which was traveling in front of him cross the center line, swerve back and forth in the lane and move into the bike lane. As the vehicle turned into the Riverton gas station, Officer Lamieux noticed a defective brake light. At that point he effected a traffic stop, the legality of which Defendant does not challenge. When Officer Lamieux approached the vehicle, he observed that Defendant, who was alone in the car, had glassy eyes. Officer Lamieux did not initially detect an odor of alcohol or any slurred speech. Defendant was unable to provide his identification, as he did not have his wallet with him. At that point Officer Lamieux asked

Defendant to exit the vehicle. Once Defendant had stepped out of the vehicle, and was speaking with Officer Lemieux, he detected the odor of intoxicants coming from Defendant. Defendant denied consuming any alcohol when asked by the officer how much he had had to drink.

Officer Lamieux conducted three sobriety tests: HGN, walk and turn, and the one-leg stand test. Among other indicia of intoxication, Defendant swayed during the HGN test, and lost his balance during both the walk and turn and one-leg stand tests. He was placed under arrest and taken to the Cumberland County Jail, where he was given a breathalyzer test.

During his cross-examination of Officer Lamieux, Attorney Sherman sought to demonstrate deficiencies with respect to the officer's administration of the HGN test, ultimately arguing to the court that because of inconsistencies in the officer's testimony, the officer's credibility was in question.

The court, however, finds that the officer was a credible witness, and finds that based on the totality of the circumstances Officer Lamieux had the requisite reasonable articulable suspicion to conduct the field sobriety testing, given his observations of Defendant's erratic driving, glassy eyes, and failure to have his license with him. Defendant's inability to maintain his balance during the stop afforded Officer Lamieux probable cause to believe that Defendant had been driving while under the influence of alcohol. *See, e.g., State v. King*, 2009 ME 14, ¶ 6, 965 A.2d 52, 54 ("An officer may undertake field sobriety testing, like any other investigatory stop, if at the time the officer has an articulable suspicion, objectively reasonable in light of all the circumstances, that the object of the search has committed or is about to commit a crime"); *State v. Webster*, 2000 ME 115, ¶ 7, 754 A.2d 976, 978 ("For there to be probable cause to arrest someone for operating under the influence ... an officer "must have probable cause to believe that the person's senses are affected to the slightest degree, or to any extent, by the alcohol that person has had to drink"). Therefore, even assuming *arguendo* some irregularities with respect to the administration of the HGN test, there was sufficient evidence in the totality of the circumstances to give rise to Officer Lemieux's probable cause to believe

2

that Defendant had been driving while impaired separate and apart from Defendant's performance on the HGN test. *Cf. id.* ¶ 9 (suppression properly denied where there was "sufficient evidence to support … the probable cause finding external to the field sobriety tests").

It is accordingly hereby ORDERED that Defendant's Motion to Suppress is DENIED in its entirety.

DATED: January 15, 2020

_____
Deborah P. Cashman
Judge, Unified Criminal Court

Entered on the Docket: 1·21·2020

Scanned by CamScanner